DENNIS JENKINS AND WIFE, RACHEL JENKINS v. MAINTENANCE, INC. AND TYLON O. WILLIAMS AND WIFE, JEAN CLAUDETTE WILLIAMS

No. 8413SC1192

(Filed 16 July 1985)

1. **Appeal and Error § 6.2— summary judgment for one defendant—right of appeal**

   In an action to quiet title to property allegedly conveyed by plaintiffs to the individual defendants as a result of fraud and misrepresentation and then conveyed by the individual defendants to the corporate defendant, an in-

Jenkins v. Maintenance, Inc.

terlocutory order granting summary judgment for the corporate defendant affected a substantial right of plaintiffs and was thus immediately appealable since it precluded plaintiffs from obtaining reformation of the deed and reconveyance of the property. G.S. 1-277; G.S. 7A-27.

2. **Registration § 5.1— forgery of deed — subsequent bona fide purchaser for value without notice**

Although plaintiffs' forecast of evidence showed that the female plaintiff signed the male plaintiff's name to a deed to the individual defendants without his consent, summary judgment was properly entered for the corporate defendant which bought the property from the individual defendants where the corporate defendant's forecast of evidence showed that it was a bona fide purchaser of the property without notice of the defect in the deed from plaintiffs to the individual defendants, and plaintiffs presented no evidence that the corporate defendant had such notice.

APPEAL by plaintiffs from *Farmer, Judge*. Judgment entered 14 July 1984 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 16 May 1985.

Plaintiffs brought this action alleging that they were the fee simple owners, as tenants by the entirety, of a parcel of land containing 11.8 acres. On 18 August 1976 plaintiff Rachel Jenkins, without the consent of her husband, signed her name and her husband's name to a deed conveying 7.5 acres of the 11.8 acres to defendants Tylon O. Williams and Jean Claudette Williams (herein "the Williamses"). Plaintiff Rachel Jenkins believed, due to the misrepresentations of the Williamses, that she was conveying only three acres. As consideration for the deed plaintiffs received a used mobile home. The mobile home had the approximate value of three acres of the property. On 16 March 1979 the Williamses conveyed the property to defendant Maintenance, Inc. (herein "Maintenance"). Both deeds were properly probated and recorded.

After reviewing the pleadings and affidavits, the trial judge entered summary judgment in favor of Maintenance.

*Legal Services of the Lower Cape Fear by Lisbon C. Berry, Jr. for plaintiff-appellants.*

*Frink, Foy, Gainey and Yount by Henry G. Foy for defendant-appellees.*

PARKER, Judge.

General Statute 1A-1, Rule 54(b) provides that when multiple parties are involved, the trial court may enter summary judgment "as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment." This rule is limited by the language "except as expressly provided by these rules or other statutes." Thus, G.S. 1A-1, Rule 54(b) does not permit appeal if fewer than all claims or parties have been disposed of unless it is provided that "there is no just reason for delay," or when other statutes expressly provide otherwise. *Oestreicher v. American National Stores, Inc.,* 290 N.C. 118, 225 S.E. 2d 797 (1976). The other statutes which affect G.S. 1A-1, Rule 54(b) are G.S. 1-277 and G.S. 7A-27. *Id. Accord, Tridyn Industries, Inc. v. American Mutual Insurance Co.,* 296 N.C. 486, 251 S.E. 2d 443 (1979); *Newton v. Standard Fire Insurance Co.,* 291 N.C. 105, 229 S.E. 2d 297 (1976). Under G.S. 7A-27(d), appeal to this Court lies from an interlocutory order which affects a substantial right, or in effect determines the action and prevents a judgment from which appeal might be taken, or discontinues the action, or grants or refuses a new trial. General Statute 1-277 permits appeal from an interlocutory judicial order which affects a substantial right which will work injury if not corrected before final judgment.

In the instant case the order did not contain the certification that there "is no just reason for delay." Plaintiff's appeal is, therefore, premature unless the order affected a substantial right.

As our Supreme Court observed, "the 'substantial right' test for appealability of interlocutory orders is more easily stated than applied." *Waters v. Qualified Personnel, Inc.,* 294 N.C. 200, 208, 240 S.E. 2d 338, 343 (1978). A substantial right is a right which will be lost or irremediably adversely affected if the order is not reviewable before the final judgment. *Blackwelder v. State Department of Human Resources,* 60 N.C. App. 331, 299 S.E. 2d 777 (1983).

In the instant case, plaintiffs alleged in their complaint:

6. Said deed was secured from the Plaintiff Rachael Jenkins by the Defendants Tylon O. Williams and Jean Claudette Williams by fraud, or in the alternative by mutual

mistake, and that the said Plaintiff, Rachael Jenkins, Defendants Tylon O. Williams and wife Jean Claudette Williams had agreed that Rachael Jenkins would only deed approximately 3 acres of land to the Defendants Tylon O. Williams and wife Jean Claudette Williams when in fact said deed, which was prepared by Tylon O. Williams' attorney, called for 7½ acres of land, more or less. The defendants Tylon O. Williams and wife Jean Claudette Williams misled Rachael Jenkins into believing that she was conveying only 3 acres of land, and did so deliberately and intentionally intending to defraud the Plaintiffs, who relied to their detriment on a material misrepresentation of fact.

          . . . .

11. By deed dated March 16, 1979, the Defendants Tylon O. Williams and wife Jean Claudette Williams conveyed the aforesaid property by general warranty deed to the Defendant Maintenance, Inc. which deed was recorded April 12, 1979 in Book 422 at Page 484 of the Brunswick County Registry.

Plaintiffs requested a judgment quieting title to the property in the plaintiffs, actual damages of $5,000 and punitive damages of $100,000.

[1] Since Maintenance is the current owner of the property, Maintenance is the only party through whom and from whom plaintiffs could obtain reformation of the deed and reconveyance of the property, a possible remedy in an action premised on fraud and misrepresentation. The summary judgment in favor of Maintenance precluded plaintiffs from electing this remedy, thereby affecting a substantial right. The interlocutory order is, therefore, appealable.

[2] Plaintiffs argue that the trial court erred in granting Maintenance's motion for summary judgment because there was a genuine issue of material fact as to whether the deed from plaintiffs was effective to transfer title to the Williamses. On a motion for summary judgment the moving party has the burden of providing a forecast of his evidence which he has available for presentation at trial. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979). The movant's forecast must establish his right to judgment as a matter of law; this will compel the oppo-

nent to produce a forecast of his evidence. *Id.* Plaintiffs' forecast, through their complaint and affidavits, established that their deed to the Williamses was not signed by Dennis Jenkins and was without his consent. Plaintiffs did not, however, allege that Maintenance had knowledge of the alleged defects in the deed from plaintiffs to the Williamses. Maintenance alleged that it was a bona fide purchaser for value and without notice.

A person is an innocent purchaser for value and without notice when he purchases without notice, actual or constructive, of any infirmity, pays valuable consideration, and acts in good faith. *Morehead v. Harris*, 262 N.C. 330, 137 S.E. 2d 174 (1964). In *Morehead*, Daisy Harris bought the entire parcel no. 2 and a 5/6 undivided interest in parcel no. 1, her late husband's property, at a public foreclosure auction. Mrs. Harris continued to live on parcel no. 2, but she deeded part of parcel no. 1 to Grace Construction Company, purporting to convey an unencumbered fee simple interest. Grace Construction Company conveyed this property to defendants. The court explained that when a doweress (a life tenant) purchases property at a sale to satisfy a lien, she cannot hold the property for her exclusive benefit, but has purchased it for the benefit of herself and the remaindermen. Defendants alleged they were innocent purchasers for value, and thus took the title in fee simple absolute, rather than Daisy Harris' life estate. The Court agreed, holding that when there has been a bona fide purchase for valuable consideration, the deficiencies in the apparent fee simple must have been expressly or by reference set out in the muniments of record title, or brought to the notice of the purchaser so as to put him on inquiry. In short, an innocent purchaser takes title free of equities of which he had no actual or constructive notice.

In the instant case Maintenance's forecast showed that it was a bona fide purchaser for value and without notice. Under *Morehead*, Maintenance takes title free of encumbrances of which it had no notice, actual or constructive. This established Maintenance's right to judgment as a matter of law. Plaintiffs then had the burden to produce a forecast of their evidence available for presentation at trial which tended to support their claim. *Cone v. Cone*, 50 N.C. App. 343, 274 S.E. 2d 341, *cert. denied*, 302 N.C. 629, 280 S.E. 2d 440 (1981). As plaintiffs did not contend that Maintenance had notice that the conveyance from plaintiffs to the

Williamses was without the consent of plaintiff Dennis Jenkins, there was no issue as to any material fact, and Maintenance was entitled to judgment as a matter of law.

Affirmed.

Judges ARNOLD and MARTIN concur.