FUJIO ABE, LARK M. ALLEN, SUSAN P. ALLEN, ALICE T. PURDIE, C. MITCHELL ANDREWS, MEREDITH N. ANDREWS, C. MITCHELL ANDREWS, INC. PROFIT SHARING PLAN AND MONEY PURCHASE PENSION PLAN, LEE E. ANDREWS, JR., SAXON'S LTD. PROFIT SHARING PLAN AND MONEY PURCHASE PENSION PLAN, MILDRED ECHANDI, WILBUR E. GRADY, JR., DR. ERIC V. LILLY, R.L. MELTON, DORIS MELTON, PHILIP O. NYE, OLGA L. NYE, DR. BRUCE V. WAINRIGHT, AND BRUCE V. WAINRIGHT, D.D.S., P.A., PLAINTIFFS v. WESTVIEW CAPITAL, L.C., TRADING PARTNERS, (I) L.C., TRADING PARTNERS, II L.C., RENAISSANCE INVESTMENT, INC., STORMPEAK II, INC., FALCON FINANCIAL MANAGEMENT GROUP, INC., MARSHALL E. MELTON, KENNETH A. MELTON, STEVEN G. MELTON, DIANE M. LINDSEY, RUTH E. REID, NANCY J. CASS, CASS, GRAHAM & FISHER, A PARTNERSHIP, AND TAJ GLOBAL EQUITIES, INC., A CORPORATION, DEFENDANTS

No. COA97-1097

(Filed 21 July 1998)

**Appeal and Error— interlocutory appeal—motion to dismiss granted—no certification**

An appeal was dismissed where two of the thirteen defendants made a motion to dismiss which was granted, the trial court made no certification under N.C.G.S. § 1A-1, Rule 54(b), the claims against the other defendants have not been dismissed or otherwise adjudicated, and plaintiffs have made no argument that a substantial right will be affected if this appeal is not accepted at this time.

Appeal by plaintiffs from order dated 5 August 1997 by Judge Orlando F. Hudson in Wake County Superior Court. Heard in the Court of Appeals 22 April 1998.

*McDaniel, Anderson & Stephenson, L.L.P., by L. Bruce McDaniel, for plaintiffs appellants.*

*Nicholls & Crampton, P.A., by W. Sidney Aldridge, for defendants appellees Nancy J. Cass and Cass, Graham & Fisher, a Partnership.*

*Yates, McLamb & Weyher, L.L.P., by Travis K. Morton, for defendant appellee Taj Global Equities, Inc.*

*Dotson & Kirkman, by John W. Kirkman, Jr., for defendants appellees Westview Capital, Trading Partners (I) and II, Renaissance Investment, Stormpeak II, Falcon Financial Management, Marshall E. Melton, Kenneth A. Melton, and Steven G. Melton.*

ABE v. WESTVIEW CAPITAL

[130 N.C. App. 332 (1998)]

*Diane M. Lindsey, defendant appellee, pro se.*

*Nigle B. Barrow, Jr., for third-party defendant appellee Spencer Bennett.*

GREENE, Judge.

Fujio Abe, *et al.* (collectively, plaintiffs) appeal from the trial court's grant of a motion to dismiss made by Nancy Cass (defendant Cass) and Cass, Graham & Fisher, a Partnership, (defendant law firm). The trial court granted the motion to dismiss pursuant to Rule 12(b)(6) and Rule 9.

On 6 October 1996, the plaintiffs filed suit against Westview Capital, L.C.; Trading Partners, (I) L.C.; Trading Partners, II L.C.; Renaissance Investment, Inc.; Stormpeak II, Inc.; Falcon Financial Management Group, Inc.; Marshall E. Melton; Kenneth A. Melton; Steven G. Melton; Diane M. Lindsey; Ruth E. Reid;[1] Taj Global Equities, Inc., a Corporation (collectively, defendants); defendant Cass; and defendant law firm for claims of securities fraud, common law fraud, breach of fiduciary duty, breach of contract of fair dealings, negligence and punitive damages.

In their complaint, the plaintiffs allege the following facts: In 1991, Marshall E. Melton formed a corporation named Asset Management and Research, Inc. (Asset Management). In 1995, Asset Management registered with the U.S. Securities and Exchange Commission and began offering financial services. Marshal E. Melton, along with Kenneth A. Melton and Steven G. Melton, then formed a number of affiliated entities, each of which were to offer investment brokerage services, open brokerage offices, offer specialized brokerage accounts, or offer other related brokerage services. In order to finance brokerage operations by the affiliated entities, the Meltons, along with the assistance of the defendants, defendant Cass, and defendant law firm, structured securities offerings. The complaint alleges that the defendants, defendant Cass, and defendant law firm participated in fraudulent schemes that operated as a fraud on the plaintiffs who purchased the securities.

Defendant Cass and defendant law firm made a joint motion to dismiss, which was granted by the trial court. The trial court made no Rule 54(b) certification.

---

1. The plaintiffs voluntarily dismissed, without prejudice, their claims against Ruth E. Reid on 6 October 1997.

The dispositive issue is whether the appeal must be dismissed as interlocutory.

Although the interlocutory nature of the appeal was not raised by the parties, it is appropriately raised by this Court *sua sponte*. *Bailey v. Gooding*, 301 N.C. 205, 208, 270 S.E.2d 431, 433 (1980). An order is interlocutory if it does not determine the entire controversy between all of the parties. *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950).

In this case, the trial court's order dismissing the complaint as to defendant Cass and defendant law firm was a final disposition of the plaintiffs' claims against these defendants. The claims against the other defendants, however, have not been dismissed or otherwise adjudicated. The dismissal, therefore, is interlocutory because it did not determine the entire controversy between all of the parties.

Generally, there is no right of immediate appeal from an interlocutory order. *Goldston v. American Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). There are two instances, however, where a party may appeal an interlocutory order. *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). A party may appeal if the trial court enters " 'final judgment as to one or more but fewer than all of the claims or parties' and the trial court certifies in the judgment that there is no just reason to delay the appeal." *Id.* (quoting N.C.G.S. § 1A-1, Rule 54(b) (1990)); *DKH Corp. v. Rankin-Patterson Oil Co.*, 348 N.C. 583, ——, —— S.E.2d ——, —— (1998). A party may also appeal if delaying the appeal will prejudice a substantial right. *Davidson v. Knauff Ins. Agency*, 93 N.C. App. 20, 24, 376 S.E.2d 488, 491, *disc. review denied*, 324 N.C. 577, 381 S.E.2d 772 (1989); N.C.G.S. § 1-277 (1996). In either of these situations, it is the appellant's burden to present argument in his brief to this Court to support acceptance of the appeal, as it "is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order." *Jeffreys*, 115 N.C. App. at 380, 444 S.E.2d at 254. In other words, when the appeal is interlocutory the appellant has the burden of showing in his brief to this Court that either: (1) there has been a final judgment "as to one or more but fewer than all of the claims or parties" and there has been a Rule 54(b) certification by the trial court, *id.* at 379, 444 S.E.2d at 253 (quoting N.C.G.S. § 1A-1, Rule 34(b)); or (2) "the order [appealed from] deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination

on the merits," *id.* (quoting *Southern Uniform Rentals v. Iowa Nat'l Mut. Ins. Co.,* 90 N.C. App. 738, 740, 370 S.E.2d 76, 78 (1988)).

In this case, the appeal is interlocutory in that the case has been finally adjudicated as to only two of the thirteen defendants. Although the dismissal does constitute a final adjudication of the claims against defendant Cass and defendant law firm, there is no Rule 54(b) certification. Finally, there has been no argument by plaintiffs appellants that a substantial right will be affected if this appeal is not accepted at this time. Accordingly, this appeal must be dismissed.

Dismissed.

Judges LEWIS and HORTON concur.