J. KENNETH LEE AND MICHELE P. LEE, CO-EXECUTORS OF THE ESTATE OF MICHAEL E. LEE, DECEASED, AND SANDRA H. LEE, (WIDOW OF MICHAEL E. LEE, DECEASED), PLAINTIFFS v. MUTUAL COMMUNITY SAVINGS BANK, SSB (SUCCESSOR BY MERGER TO AMERICAN FEDERAL SAVINGS AND LOAN ASSOCIATION OF GREENSBORO), J. STEVEN LEE AND THE ST. PAUL FIRE AND MARINE INSURANCE COMPANY, DEFENDANTS

No. COA99-413

(Filed 7 March 2000)

**1. Appeal and Error— appealability—interlocutory order— certiorari granted**

Although the trial court's grant of defendants St. Paul's and Lee's motion to dismiss under Rule 12(b)(6) is an interlocutory order since plaintiffs did not present any argument to support a conclusion that the order affects a substantial right and the order was not certified pursuant to Rule 54(b), the Court of Appeals exercised its discretionary power under N.C. R. App. P. 21(a)(1) to grant certiorari to address plaintiffs' appeal.

**2. Unfair Trade Practices— third-party claimants—insurance company of adverse party**

The trial court did not err in granting defendants St. Paul's and Lee's motion to dismiss under Rule 12(b)(6) because North Carolina does not recognize any cause of action for unfair or deceptive trade practices by third-party claimants against the insurance company of an adverse party.

Appeal by plaintiffs from order filed 7 December 1998 by Judge Julius A. Rousseau, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 11 January 2000.

*Ronald Barbee, for plaintiff-appellants.*

*Little & Little, PLLC, by Cathryn M. Little, for defendant-appellees.*

GREENE, Judge.

J. Kenneth Lee and Michele P. Lee, co-Executors of the Estate of Michael E. Lee, Deceased, and Sandra H. Lee (Widow of Michael E. Lee, Deceased) (collectively, Plaintiffs) appeal an order filed 7 December 1998 in favor of J. Steven Lee (Lee) and The St. Paul Fire and Marine Insurance Company (St. Paul), granting St. Paul's and

Lee's motion to dismiss Plaintiffs' claim against them pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

Plaintiffs allege Michael E. Lee and Sandra H. Lee (collectively, the Borrowers) received a loan in 1977 from the company that is now Mutual Community Savings Bank, SSB (Mutual) to purchase property located at Topsail Island (the property). Plaintiffs allege the Borrowers paid funds to Mutual for the purpose of maintaining an insurance policy on the property, and Mutual allowed the policy to lapse for non-payment of premiums. Plaintiffs suffered a loss when, subsequent to the lapse of the policy, the property was destroyed by a hurricane.

Plaintiffs' complaint also alleges a cause of action against Mutual's liability adjuster, St. Paul, and St. Paul's agent, Lee, for actions "constitut[ing] an unfair and deceptive practice." Plaintiffs' complaint does not state under which statute these claims are brought.

On 7 December 1998, St. Paul and Lee filed a motion to dismiss Plaintiffs' claim against them pursuant to Rule 12(b)(6), and the trial court granted the motion in a 7 December 1998 order. The order was not certified for appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b).

---

The issues are whether: (I) the trial court's order granting St. Paul's and Lee's motion to dismiss Plaintiffs' complaint is appealable; and (II) Plaintiffs' claim against St. Paul and Lee for actions "constitut[ing] an unfair and deceptive practice," which does not allege a violation of N.C. Gen. Stat. § 58-63-15, is barred as a complaint against a third-party insurance agency of an adverse party.[1]

I

[1] Although neither party has raised the interlocutory nature of this appeal, we deem it appropriate to raise this issue *sua sponte. Bailey v. Gooding*, 301 N.C. 205, 208, 270 S.E.2d 431, 433 (1980). "An order is interlocutory if it does not determine the entire controversy between

---

1. Plaintiffs' sole assignment of error states: "The trial court committed error when it dismissed [Plaintiffs'] claim with prejudice against DEFENDANTS, [Lee] and [St. Paul] under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure." Assignments of error must "state plainly, concisely and without argumentation the legal basis upon which error is assigned." N.C.R. App. P. 10(c)(1); *see also* N.C.R. App. P., Appendix C, Table 4. Plaintiffs' assignment of error does not state the legal basis upon which it is assigned; nevertheless, in our discretion, we address Plaintiffs' appeal. N.C.R. App. P. 2.

all of the parties." *Abe v. Westview* Capital, 130 N.C. App. 332, 334, 502 S.E.2d 879, 881 (1998) (citing *Veazey v. Durham*, 231 N.C. 357, 57 S.E.2d 377 (1950)).

In this case, the trial court dismissed Plaintiffs' claims against St. Paul and Lee, but there is no evidence in the record that the trial court dismissed or otherwise adjudicated Plaintiffs' claims against Mutual. The dismissal order, therefore, is interlocutory because it did not determine the entire controversy between all of the parties.

Although there is generally no right to immediate appeal from an interlocutory order, *Abe*, 130 N.C. App. at 334, 502 S.E.2d at 881 (citation omitted), an interlocutory order is appealable in two instances. First, pursuant to N.C. Gen. Stat. § 1-277 and N.C. Gen. Stat. § 7A-27(d), an interlocutory order is appealable if the order "affects a substantial right." *DKH Corp. v. Rankin-Patterson Oil Co.*, 348 N.C. 583, 585, 500 S.E.2d 666, 668 (1998). "A substantial right is a right which will be lost or irremediably adversely affected if the order is not reviewable before the final judgment." *Jenkins v. Maintenance, Inc.*, 76 N.C. App. 110, 112, 332 S.E.2d 90, 92 (1985) (citation omitted). Second, pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), an interlocutory order is appealable in an action with multiple parties and multiple claims "if the trial court enters a final judgment as to a party or a claim and certifies there is no just reason for delay." *DKH Corp.*, 348 N.C. at 585, 500 S.E.2d at 668. When an interlocutory order is appealed, "it is the appellant's burden to present argument in his brief to this Court to support acceptance of the appeal." *Abe*, 130 N.C. App. at 334, 502 S.E.2d at 881.

In this case, Plaintiffs do not present any argument in their brief to this Court to support a conclusion that the trial court's order affects a substantial right. Moreover, although the trial court's order is a final judgment as to Plaintiffs' claims against St. Paul and Lee, the order was not certified pursuant to Rule 54(b). The order, therefore, is interlocutory. Nevertheless, we will exercise our power to grant certiorari to address Plaintiffs' appeal. *See* N.C.R. App. P. 21(a)(1); *Garris v. Garris*, 92 N.C. App. 467, 471, 374 S.E.2d 638, 640 (1988).

II

[2] This Court has held "a private right of action under N.C.G.S. § 58-63[-]15 and N.C.G.S. § 75-1.1 may not be asserted by a third-party claimant against the insurer of an adverse party." *Wilson v. Wilson*,

LEE v. MUT. COMMUNITY SAV. BANK

[136 N.C. App. 808 (2000)]

121 N.C. App. 662, 665, 468 S.E.2d 495, 497 (1996). The *Wilson* court reasoned "allowing such third-party suits against insurers would encourage unwarranted settlement demands" and "may result in a conflict of interest for the insurance company." *Id.* at 666-67, 468 S.E.2d at 498.

In this case there is no dispute Plaintiffs are third parties asserting a claim against the insurer, St. Paul, of an adverse party, Mutual. Plaintiffs contend their claim is nonetheless valid because they have not made any claim under section 58-63-15. Instead, they are relying solely upon section 75-1.1. This is a distinction without a difference. The teaching of *Wilson* is that North Carolina does not recognize *any* cause of action for unfair or deceptive trade practices by third-party claimants against the insurance company of an adverse party.[2]

In this case, Plaintiffs asserted claims against St. Paul and Lee for unfair or deceptive trade practices. The rule from *Wilson* bars these claims and they were, therefore, properly dismissed.

Affirmed.

Judges LEWIS and HUNTER concur.

---

2. An unfair or deceptive trade practice claim against an insurance company can be based on violations of either section 75-1.1 or section 58-63-15. A violation of section 58-63-15, however, constitutes a violation of section 75-1.1. *Miller v. Nationwide Mutual Ins. Co.*, 112 N.C. App. 295, 302, 435 S.E.2d 537, 542 (1993), *disc. review denied*, 335 N.C. 770, 442 S.E.2d 519 (1994). Furthermore, *the* remedy for a violation of section 58-63-15 is the filing of a section 75-1.1 claim. *Id.* (citation omitted). There is no requirement, however, that a party bringing a claim for unfair or deceptive trade practices against an insurance company allege a violation of section 58-63-15 in order to bring a claim pursuant to section 75-1.1. *See U.S. Fire Ins. Co. v. Nationwide Mut. Ins. Co.*, 735 F. Supp. 1320, 1327 (E.D.N.C. 1990) (noting North Carolina courts have not held that a party must allege a violation of Chapter 58 of the North Carolina General Statutes prior to bringing a claim for unfair or deceptive trade practices against an insurance company pursuant to section 75-1.1).