INTERIOR DISTRIBUTORS, INC., PLAINTIFF v. JAMES J. AUTRY D/B/A AUTRY CON-STRUCTION AND ALSO D/B/A AUTRY DRYWALL & CONSTRUCTION; MARIE AUTRY; SIGMA CONSTRUCTION COMPANY, INC.; AND THE AMERICAN INSUR-ANCE COMPANY, AS SURETY, DEFENDANTS

SPECIALTIES, INC., PLAINTIFF v. JAMES J. AUTRY D/B/A AUTRY DRYWALL & CON-STRUCTION; SIGMA CONSTRUCTION COMPANY, INC.; AND THE AMERICAN INSURANCE COMPANY, AS SURETY, DEFENDANTS

BET PLANT SERVICES INC., D/B/A BPS EQUIPMENT RENTAL & SALES, PLAINTIFF v. JAMES J. AUTRY, D/B/A AUTRY DRYWALL & CONSTRUCTION AND ALSO D/B/A AUTRY CONSTRUCTION, INC; SIGMA CONSTRUCTION COMPANY, INC.; DAVID A. MARTIN, COUNTY OF CUMBERLAND, NORTH CAROLINA; AND THE AMERICAN INSURANCE COMPANY, AS SURETY, DEFENDANTS

COLONIAL MATERIALS OF FAYETTEVILLE, INC., PLAINTIFF v. JAMES J. AUTRY D/B/A AUTRY DRYWALL & CONSTRUCTION, INC; SIGMA CONSTRUCTION COMPANY, INC.; AND THE AMERICAN INSURANCE COMPANY, AS SURETY, DEFENDANTS

No. COA99-1175

(Filed 7 November 2000)

**Appeal and Error— appealability—orders allowing plaintiffs to proceed in their actions—interlocutory orders—no substantial right**

Defendants' appeal from the orders allowing plaintiffs to proceed in their actions against defendants Sigma, American, and Martin to recover payment for materials and rental equipment supplied for the Cumberland County Coliseum project, after the bankruptcy court terminated the automatic stay entered when defendant Autry went into Chapter 11 bankruptcy, is dismissed as interlocutory because: (1) the orders do not dispose of any issue in any case; and (2) the avoidance of a rehearing or trial is not a substantial right entitling a party to an immediate appeal.

Appeal by defendants Sigma Construction Company, Inc., The American Insurance Company, and David A. Martin from orders entered 6 May 1999 by Judge B. Craig Ellis in Cumberland County Superior Court. Heard in the Court of Appeals 9 October 2000.

*Vann & Sheridan, LLP, by Paul A. Sheridan and Nan E. Hannah, for plaintiff-appellees.*

*Safran Law Offices, by Perry R. Safran, for defendant-appellants Sigma Construction Company, Inc., The American Insurance Company, and David A. Martin.*

SMITH, Judge.

Defendant Sigma Construction Company, Inc. (Sigma) entered into a contract with the State of North Carolina through its political subdivision Cumberland County for construction of the Cumberland County Coliseum (the project). In December 1995, Sigma, as general contractor, entered into a Payment Bond Agreement with defendant The American Insurance Company (American) for $12,349,010.00. *See* N.C. Gen. Stat. § 44A-27 (1995). The Bond Agreement listed Sigma as the Principal and Cumberland County as the Owner.

On or about 22 February 1996, Sigma entered into a subcontract agreement with defendant James J. Autry (Autry) d/b/a Autry Drywall & Construction Company, whereby Autry would provide labor and materials for drywall work on the project. Between August 1996 and May 1997, Autry entered into contracts with plaintiffs Interior Distributors, Inc. (Interior Distributors); Specialties, Inc. (Specialties); BET Plant Services Inc., d/b/a BPS Equipment Rental & Sales (BET); and Colonial Materials of Fayetteville, Inc. (Colonial) to supply materials and rental equipment for the project. Autry's contract with Sigma was terminated. Autry failed to fully pay plaintiffs, and in September and October 1997, each of the plaintiffs filed complaints against Autry, Sigma, and American. BET also joined as a defendant David Martin as guarantor for Sigma. On 1 December 1997, defendants Sigma and American answered, made motions to dismiss, and raised affirmative defenses against Interior Distributors and Specialties and asserted cross-claims against Autry. On 8 December 1997, Autry filed for Chapter 11 bankruptcy. Thereafter, on 31 December 1997, defendants Sigma, Martin, and American answered, made a motion to dismiss, and raised affirmative defenses against BET and asserted cross-claims against Autry. On 5 January 1998, defendants Sigma and American answered, made a motion to dismiss,

and raised affirmative defenses against Colonial and asserted cross-claims against Autry.

On 16 March 1998, the trial court, citing Autry's proceedings in bankruptcy, *sua sponte* entered Judgments of Discontinuance in Interior Distributors' and Specialties' cases. Those cases were thus closed "with leave to any party to reinstitute the same by motion in the cause if the said claims are not fully adjudicated." Similarly, on 20 April 1998, the trial court, again citing the bankruptcy proceeding, *sua sponte* entered Administrative Orders discontinuing the BET and Colonial suits. Those cases likewise were closed "with leave to any party to reinstitute the same by motion in the cause if the said claims are not fully adjudicated." On 23 September 1998, plaintiffs made "Motion[s] for Determination of Applicability of Stay and for Relief From Stay" in the United States Bankruptcy Court for the Eastern District of North Carolina. Autry's Chapter 11 plan was confirmed on 20 October 1998, and on 28 October 1998 the bankruptcy court entered an order stating that the automatic stay had terminated and that plaintiffs' claims against defendants Sigma, American, and Martin could be pursued.

On 13 January 1999, defendants voluntarily dismissed with prejudice their cross-claims against Autry in all four cases. Plaintiffs each filed notices and motions for reinstatement on 29 January 1999. Plaintiffs' motions were consolidated for hearing, and on 6 May 1999, the trial court entered orders allowing plaintiffs' motions. Defendants Sigma and American appeal from all four orders; defendant Martin joins in the appeal from the order for BET.

The initial matter to be determined is whether defendants' appeal from these orders is interlocutory.

> "An order or judgment is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy." *N.C. Dept. of Transportation v. Page*, 119 N.C. App. 730, 733, 460 S.E.2d 332, 334 (1995). The rule against interlocutory appeals seeks to prevent fragmentary, premature and unnecessary appeals by allowing the trial court to bring a case to final judgment before its presentation to the appellate courts. *Waters v. Personnel, Inc.*, 294 N.C. 200, 240 S.E.2d 338 (1978).

*Turner v. Norfolk Southern Corp.*, 137 N.C. App. 138, ——, 526 S.E.2d 666, 669 (2000).

The orders from which defendants now appeal do not entirely dispose of the cases. In fact, the orders do not dispose of *any* issue in any case; they merely allow plaintiffs to proceed in their actions against defendants. The orders are therefore interlocutory.

> Although there is generally no right to immediate appeal from an interlocutory order, an interlocutory order is appealable in two instances. First, pursuant to N.C. Gen. Stat. § 1-277 and N.C. Gen. Stat. § 7A-27(d), an interlocutory order is appealable if the order "affects a substantial right." "A substantial right is a right which will be lost or irremediably adversely affected if the order is not reviewable before the final judgment." Second, pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), an interlocutory order is appealable in an action with multiple parties and multiple claims "if the trial court enters a final judgment as to a party or a claim and certifies there is no just reason for delay." When an interlocutory order is appealed, "it is the appellant's burden to present argument in his brief to this Court to support acceptance of the appeal."

*Lee v. Mutual Community Savings Bank*, 136 N.C. App. 808, ——, 525 S.E.2d 854, 856 (2000) (internal citations omitted).

The whole of defendants' argument supporting their contention that they are properly before this Court is as follows: "The granting of Plaintiffs-Appellees motions affects Defendants-Appellants' substantial rights and unfairly punishes them if they are forced to continue the defense of this action." This attempt at persuading this Court that a substantial right of defendants will be adversely affected absent immediate review fails to satisfy defendant's " 'burden to present argument in [their] brief to this Court to support acceptance of the appeal.' " *Id.* at ——, 525 S.E.2d at 856 (citation omitted).

Regardless, it has long been the law in this state that "the 'avoidance of a rehearing or trial is not a "substantial right" entitling a party to an immediate appeal.' " *Banner v. Hatcher*, 124 N.C. App. 439, 442, 477 S.E.2d 249, 251 (1996) (quoting *Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 335, 299 S.E.2d 777, 780 (1983)). Accordingly, this appeal is dismissed as interlocutory.

Dismissed.

Judges TIMMONS-GOODSON and FULLER concur.