STEPHEN HUDSON, SR., Plaintiff v. WILLIAM R. McKENZIE, JR., SALLY McKENZIE, and, WILLIAM R. McKENZIE, III, Defendants

No. COA01-1052

(Filed 18 June 2002)

**Appeal and Error— appealability—partial summary judgment**

A plaintiff's appeal from an order granting summary judgment in favor of all defendants on plaintiff's first claim for abuse of process, granting summary judgment in favor of one defendant on plaintiff's claim for libel per se and second claim for abuse of process, and dismissing two defendants from the action but retaining jurisdiction over the action pending final resolution of plaintiff's claim for malicious prosecution against the remaining defendant, is dismissed as an appeal from an interlocutory order, because: (1) there has been no final judgment as to all the parties or as to all of plaintiff's claims; (2) the trial court did not certify the order under N.C.G.S. § 1A-1, Rule 54(b); and (3) plaintiff presents no argument in his brief to the Court of Appeals to support acceptance of this appeal.

Appeal by plaintiff from order filed 30 May 2001 by Judge L. Todd Burke in Guilford County Superior Court. Heard in the Court of Appeals 4 June 2002.

*Cunningham Crump & Cunningham, PLLC, by R. Flint Crump, for plaintiff-appellant.*

*Barron & Berry, L.L.P., by Vance Barron, Jr., for defendant-appellees.*

GREENE, Judge.

Stephen Hudson, Sr. (Plaintiff) appeals from an order filed 30 May 2001 granting summary judgment in favor of: William R. McKenzie, Jr. (McKenzie), Sally McKenzie, and William R. McKenzie, III on Plaintiff's first claim for abuse of process; and McKenzie on Plaintiff's claim for libel *per se* and second claim for abuse of process. After granting partial summary judgment, the trial court dismissed Sally McKenzie and William R. McKenzie, III from the action but retained jurisdiction over the action pending final resolution of Plaintiff's claim for malicious prosecution against McKenzie.

---

The dispositive issue is whether Plaintiff's appeal must be dismissed as interlocutory.

Although the parties have not raised the interlocutory nature of the appeal, "it is appropriately raised by this Court *sua sponte*." *Abe v. Westview Capital, L.C.*, 130 N.C. App. 332, 334, 502 S.E.2d 879, 881 (1998). An interlocutory order is one that "does not determine the entire controversy between all the parties." *Id.* Generally, a party may not immediately appeal an interlocutory order. *Id.* A party, however, may immediately appeal an interlocutory order if: (1) the trial court has entered a final order as to one or more but fewer than all of the claims or parties *and* has certified in the order, pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), that there is no just reason to delay an appeal, *id.*; N.C.G.S. § 1A-1, Rule 54(b) (2001); or (2) the denial of an immediate appeal would affect a substantial right, *Abe*, 130 N.C. App. at 334, 502 S.E.2d at 881. In either situation, "it is the appellant's burden to present argument in his brief to this Court to support acceptance of the appeal, as it 'is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order.' " *Id.* (quoting *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994)). Thus, if the appeal is based on a Rule 54(b) certification, the appellant must

include a statement in his brief to this Court indicating "there has been a final judgment as to one or more but fewer than all of the claims or parties and that there has been a certification by the trial court that there is no just reason for delay." N.C.R. App. P. 28(b)(4). Likewise, if the appeal is based on a substantial right, the appellant must include a statement in his brief to this Court "contain[ing] sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." *Id.*

In this case, the appeal is interlocutory as there has been no final judgment as to all the parties or as to all of Plaintiff's claims. While the trial court's order does constitute a final adjudication of the claims against Sally McKenzie and William R. McKenzie, III and of some of the claims against McKenzie, the trial court did not certify the order pursuant to Rule 54(b). Plaintiff presents no argument in his brief to this Court to support acceptance of this appeal. Accordingly, Plaintiff's appeal must be dismissed.

Dismissed.

Judges HUDSON and BIGGS concur.