An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-156

Filed 5 November 2025

Mecklenburg County, No. 24CV029775-590

ANSHI HOSPITALITY CHARLOTTE LLC, Plaintiff,

v.

WHITNE ROBINSON, Defendant.

Appeal by Defendant from order entered 11 October 2024 by Judge Keith Smith in Mecklenburg County District Court. Heard in the Court of Appeals 27 August 2025.

> *Whitne Robinson, pro se Defendant-Appellant.*
>
> *No brief filed on behalf of Plaintiff-Appellee.*

CARPENTER, Judge.

Whitne Robinson ("Defendant") appeals *pro se* from the trial court's 11 October 2024 order (the "Order") concluding Anshi Hospitality Charlotte LLC ("Plaintiff") was entitled to possession of Room 107—a room at Plaintiff's extended stay hotel formerly occupied by Defendant (the "Property"). On appeal, Defendant argues: (1) the trial court erred by violating Defendant's due process rights by allowing an eviction despite

an active injunction; (2) the eviction constituted a retaliatory action; (3) the trial court erred by dismissing Defendant's counterclaims under the prior pending action doctrine; (4) the execution of the eviction writ was procedurally defective and invalid; and (5) the trial court's findings were influenced by fraud or misrepresentation justifying relief under Rule 60. After careful review of the record, we dismiss Defendant's appeal as interlocutory.

## I. Factual & Procedural Background

This appeal concerns a summary ejectment action filed by Plaintiff against Defendant and all other occupants of the Property. Prior to Plaintiff's summary ejectment action, Defendant filed a lawsuit against Plaintiff in Mecklenburg County District Court asserting claims for breach of contract, retaliatory eviction, fraud, stalking or harassment, and emotional distress. The events giving rise to the two concurrent actions are as follows.

Plaintiff owns and operates an extended-stay hotel in Charlotte, North Carolina and rents rooms at a daily rate based on individual agreements with tenants. In the spring of 2024, Defendant reserved the Property for a period of thirty days at a rate of $45.49 per day. Defendant's thirty-day stay was to begin on 15 March 2024 and end on 15 April 2024. Defendant made two lump-sum payments totaling $1,625.33 to cover the cost of her stay. On 15 April 2024, Defendant "extended [her] departure date . . . due to a credit of $169.65 remaining on [her] account." Once these funds were exhausted, Defendant remained in possession of the

Property and continued to make payments at the $45.49 daily rental rate.

On 2 May 2024, Plaintiff raised the daily rental rate from $45.49 per day to $65.00 per day. Defendant continued to make payments at the original daily rental rate of $45.49. When Defendant stopped making payments, Plaintiff sent Defendant a notice of non-payment and ten-day demand to pay or quit on 21 May 2024. On 28 May 2024, after receiving the notice, Defendant filed the lawsuit against Plaintiff. On 14 June 2024, Plaintiff requested an extension of time to file its answer, which was allowed by the trial court. That same day, Plaintiff sent Defendant a notice of termination and non-renewal of the lease. In the notice, Plaintiff requested that Defendant voluntarily surrender and vacate the Property on or before 21 June 2024. Defendant did not vacate, and on 23 June 2024, Plaintiff sent a letter to Defendant demanding she surrender and vacate the Property.

On 28 June 2024, Plaintiff filed the summary ejectment action—the subject of this appeal—in small claims court demanding possession of the Property from Defendant. Plaintiff alleged the lease term ended on 21 June 2024, and that Defendant, who continued to remain in possession of the Property, was a holdover tenant. In response, Defendant filed a motion to dismiss alleging lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, and failure to state a claim. On 7 July 2024, the magistrate denied Defendant's motion. On 10 July 2024, Defendant filed another motion to dismiss. This time, Defendant argued Plaintiff's summary ejectment action was retaliatory in nature and requested that

the small claims court dismiss the summary ejectment action pursuant to section 42-37.1 of our General Statutes, which provides that a tenant may raise the affirmative defense of retaliatory eviction in response to an action for summary ejectment. *See* N.C. Gen. Stat. § 42-37.1(b) (2023). On 22 July 2024, Defendant filed her answer, asserting breach of contract and estoppel as affirmative defenses, and retaliatory eviction as a counterclaim.

On 26 July 2024, the magistrate entered judgment in favor of Plaintiff and granted Plaintiff possession of the Property. On 31 July 2024, Defendant appealed to Mecklenburg County District Court. On 1 August 2024, Defendant filed a motion to stay execution of the judgment and requested that the trial court set a bond amount. On 12 August 2024, a writ of possession was issued for the Property. The next day, Defendant filed an emergency motion requesting the trial court stay execution of the writ of possession, and issue a temporary restraining order ("TRO") and preliminary injunction to prevent Plaintiff from enforcing the writ of possession. The trial court granted Defendant's motions for TRO and preliminary injunction. In the TRO, the trial court required Defendant to post a bond of $50.00. Later, in the order granting Defendant's request for preliminary injunction, the trial court adjusted the amount to $70.00 to be paid monthly.

On 28 August 2024, Plaintiff filed a motion to modify the rent bond. On 6 September 2024, Defendant filed a motion objecting to Plaintiff's motion to modify the rent bond. On 12 September 2024, Defendant filed a motion to consolidate the

summary ejectment action and Defendant's action filed on 28 May 2024. In support of her motion, Defendant asserted that both cases involved common issues of law and fact and the consolidation of the cases would promote judicial economy and efficiency.

On 11 October 2024, following a hearing, the trial court entered the Order concluding Plaintiff was entitled to possession of the Property. In the Order, the trial court noted Defendant's counterclaim "was not heard . . . and shall be re-calendared." On 16 October 2024, Defendant filed a motion for the trial court to amend the findings of fact and conclusions of law in the Order and requested that the trial court return all rent bonds previously paid. On 29 October 2024, a writ of possession was issued for the Property. Later that day, Defendant filed an emergency motion for TRO and preliminary injunction. On 31 October 2024, the trial court entered an order denying Defendant's motion. A few hours later, Defendant again filed an emergency motion for TRO and preliminary injunction.

On 1 November 2024, Defendant filed written notice of appeal from the Order. Simultaneously, Defendant filed an emergency ex parte motion for temporary stay of the Order. On 4 November 2024, the trial court entered an order denying the motion for TRO and preliminary injunction filed by Defendant on 31 October 2024. On 5 November 2024, Defendant was evicted from the Property. On 25 November 2024, Defendant filed a motion for relief under Rule 60(b).

## II. Jurisdiction

As an initial matter, we consider whether this Court has jurisdiction to address

Defendant's appeal. "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). Instead, "this Court only hears appeals after a final judgment." *Ayala v. Perry*, 298 N.C. App. 134, 137, 913 S.E.2d 271, 275 (2025) (citing *Denney v. Wardson Constr., Inc.*, 264 N.C. App. 15, 17, 824 S.E.2d 436, 438 (2019)). "An order is interlocutory if it does not determine the entire controversy between all of the parties." *Abe v. Westview Cap., L.C.*, 130 N.C. App. 332, 334, 502 S.E.2d 879, 881 (1998) (citing *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950)).

But an interlocutory order is immediately appealable if it is "a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment." N.C. Gen. Stat. § 1A-1, Rule 54(b) (2023). Under Rule 54, the trial court must certify that there is no just reason to delay the appeal. *See James River Equip., Inc. v. Tharpe's Excavating, Inc.*, 179 N.C. App. 336, 339–40, 634 S.E.2d 548, 552 (2006). Additionally, a party may appeal from an interlocutory order "when the challenged order affects a substantial right." *Denney*, 264 N.C. App. at 17, 824 S.E.2d at 438; *see* N.C. Gen. Stat. § 7A-27(b)(3)(a) (2023) (providing a party may immediately appeal an interlocutory order or judgment that affects a substantial right).

Here, Defendant's appeal is interlocutory because it does not determine the entire controversy. *See Abe*, 130 N.C. App. at 334, 502 S.E.2d at 881. In her answer

to Plaintiff's complaint, Defendant asserted breach of contract and estoppel as affirmative defenses and retaliatory eviction as a counterclaim. According to the Order, Defendant's counterclaim "was not heard . . . and shall be re-calendared." Because the trial court did not consider or rule on that claim, the Order is interlocutory. *See id.* at 334, 502 S.E.2d at 881. The trial court did not certify the Order for immediate review and Defendant did not assert that the Order affects a substantial right. Therefore, we lack jurisdiction to review Defendant's appeal. Accordingly, we dismiss the appeal as interlocutory.

### III.  Conclusion

Defendant's appeal is interlocutory and neither exception to the general rule against interlocutory appeals applies. Accordingly, we dismiss Defendant's appeal.

DISMISSED.

Judges GRIFFIN and MURRY concur.

Report per Rule 30(e).