**HALL v. CUMBERLAND COUNTY HOSPITAL SYSTEM**

[121 N.C. App. 425 (1996)]

DAVID A. HALL, BRENDA G. HALL, and K. LEE McENIRY, Guardian Ad Litem of JOHN DAVID ALLEN HALL, JR., an infant v. CUMBERLAND COUNTY HOSPITAL SYSTEM, INC., d/b/a CAPE FEAR VALLEY MEDICAL CENTER

No. COA95-286

(Filed 6 February 1996)

### Discovery and Depositions § 10 (NCI4th)— Rule 26(b) claims not adjudicated—error

Where defendant contended from the beginning of the discovery process that the materials at issue were not discoverable because they were prepared in anticipation of litigation, covered by attorney-client privilege, and represented work product, and defendant raised these issues before the judge who entered the order to compel production of documents and before the trial judge, the trial court erred by releasing those materials to plaintiffs without making determinations as to (1) whether the documents were prepared in anticipation of litigation, (2) if so, whether plaintiffs were in "substantial need" of the materials and were unable without "undue hardship" to obtain the substantial equivalent by other means, (3) whether the documents included "mental impressions, conclusions, opinions, or legal theories" of defendant's attorney or other representative of defendant concerning the litigation at issue, (4) whether the documents represented the "work product" of defendant's attorney, and (5) whether the documents represented communications between defendant and its attorneys. N.C.G.S. § 1A-1, Rules 26(b1) and (b3).

**Am Jur 2d, Depositions and Discovery §§ 50 et seq.**

**Protection from discovery of attorney's opinion work product under Rule 26(b)(3), Federal Rules of Civil Procedure. 84 ALR Fed. 779.**

Judge Wynn dissenting.

Appeal by defendants from judgment entered 19 August 1994 in Cumberland County Superior Court by Judge Wiley F. Bowen. Heard in the Court of Appeals 10 January 1996.

*Rose, Ray, Winfrey, O'Connor & Leslie, P.A., by Ronald E. Winfrey and Pamela S. Leslie, and John Michael Winesette and Angela M. Hatley, for plaintiff-appellees.*

*Patterson, Dilthey, Clay & Bryson, L.L.P., by Robert M. Clay and Mark E. Anderson, for defendant-appellant.*

*Harris, Shields and Creech, P.A., by C. David Creech, on behalf of the North Carolina Chapter of the American Society for Healthcare Risk Management, amicus curiae.*

*Haywood, Denny & Miller, L.L.P., by George W. Miller, Jr. and John R. Kincaid, on behalf of the North Carolina Hospital Association, amicus curiae.*

*Roberts Stevens & Cogburn, P.A., by Isaac N. Northup, Jr., on behalf of the North Carolina Association of Defense Attorneys, amicus curiae.*

GREENE, Judge.

Cumberland County Hospital System, Inc., doing business as Cape Fear Valley Medical Center (defendant), appeals a jury verdict and judgment finding that its negligence caused injury and damage to John David Allen Hall, Jr. (John), and that he and his parents (collectively plaintiffs) are entitled to damages in the amount of $5,212,000.00 plus interest and attorney fees.

Plaintiffs filed a complaint against defendant on 11 February 1993 alleging that the agents and employees of defendant were negligent in their judgment and "application of their knowledge and skill; failed to possess the requisite degree of skill, training and experience; and, failed to act in compliance with standards of health care required by law" in their overall treatment of John. Defendant denied any negligence on the part of its employees or agents.

On 24 November 1993, the plaintiffs, pursuant to Rule 34 of the Rules of Civil Procedure, served the defendant with a Request for Production of Documents requesting, among other things:

Any other documentation generated at the Defendant Hospital, including any correspondence, having anything to do with the treatment of John David Allen Hall or his mother, Brenda Green.

On 24 January 1994, the defendant responded to the request:

Objection. To the extent that this request seeks the production of correspondence or other documentation covered by the attorney-client privilege or the work product doctrine, or the privilege of self-critical analysis, defendant objects to the production of any such documents.

On 28 April 1994, the plaintiffs, pursuant to Rule 37 of the Rules of Civil Procedure, filed a Motion to Compel Discovery of these documents and requested that the trial court "examine these materials so as to rule upon whether any are privileged in nature." On 29 May 1994, the defendant filed a response to the plaintiffs' Motion to Compel. In its response, the defendant alleged that it should not be required to produce the documents requested because they are protected by the privileges previously asserted in its response to the Request for Production of Documents. On 8 June 1994, Judge A. Leon Stanback, Jr. (Judge Stanback) entered an order allowing the plaintiffs' Motion to Compel "under the terms and conditions set forth." The "terms and conditions" required the defendant

to identify and list these documents, to advise of the nature and date and author of the documents . . . so as to allow the Court to rule upon a claim of privilege or otherwise Order an *in camera* inspection.

On 22 July 1994, the plaintiffs, pursuant to Rule 37 of the Rules of Civil Procedure, filed a motion for sanctions alleging that "much of the documentation Ordered to be produced [by Judge Stanback] has not been produced." The plaintiffs requested that the trial court order the defendant "to present to the Court for an *in camera* inspection, any and all documents to which Defendant objects to producing." On 26 July 1994, the plaintiffs' attorney, pursuant to Rule 45 of the Rules of Civil Procedure, issued a subpoena directing one of defendant's employees to produce its "entire Risk Management file" for an "*in camera* inspection." On 3 August 1994, the defendant filed a Motion to Quash the subpoena alleging that "production of such sensitive and privileged information is inappropriate."

On 3 August 1994, the case was called for trial before Judge Wiley F. Bowen (trial judge). The trial judge indicated that he would have "to [prior to ruling on the motions to quash and for sanctions] look at the file . . . because I'm sure [the defendant has] . . . statutory claims of a privilege." The defendant then gave the documents to the trial judge who "conducted an in-camera inspection" and determined that the plaintiffs were entitled to "inspect and copy" certain of the docu-

ments. The trial judge then provided those documents to the plaintiffs. The following exchange occurred between the trial judge and the defendant's attorney:

> [Defendant] I'm a little unclear about exactly what Your Honor is ruling on now. I had thought that the purpose of this being handed to you yesterday was in aid of their motion for sanctions in order to determine whether or not there is material that we should have given up.

> [The Court] No. I said I was not going to rule on the—I was not going to deal with the motion for sanctions because it's [sic] got so many entanglements that we're going to have to deal with that later.

> [Defendant] What is this—I mean, what motion is before the court that the court is granting that?

> [The Court] For discovery.

> [Defendant] I'm not aware of a discovery motion before the court. Is there a discovery motion?

> [The Court] Well, if you want me to get into the merits of the motion for sanctions, because I understand that Judge Stanback ruled that certain documents be discovered and I was trying to stay away from that motion at this time as it regarded sanctions.

> . . . .

> [Defendant] In order to lay a foundation for further consideration in this matter we need to know how the court is construing our file and when there is reasonable anticipation of litigation. If it is something other than when a litigation lawyer who specializes in malpractice contacts the hospital and the hospital writes down, "We anticipate litigation at this point" and notifies its insurance carrier, if it's something other than that time, then we need to preserve that as a —

> [Court] I'll let you make whatever record you need to make to protect your position without prejudice.

> . . . .

> [Defendant] I would like the record to reflect that the defendant objects and excepts to the court's ruling turning over part of this defendant's Risk Management files to counsel for plaintiff

## HALL v. CUMBERLAND COUNTY HOSPITAL SYSTEM

[121 N.C. App. 425 (1996)]

. . . in which the court physically gave possession of those articles to counsel for plaintiff on the basis that, number one, there is no motion pending under which the court might do so. . . .

And further, that the court has exceeded the bounds of discovery in what it has allowed counsel to have. A portion of the materials that were turned over were materials that were produced and generated after counsel for the defense was involved in this case, and there were a portion of the materials that were generated after the lawsuit was filed and are certainly protected under the work product and work done in anticipation of litigation . . . .

And I believe that the court's action has prejudiced the defense of this case to the point that at this point we would move for a mistrial, or if that's not appropriate because the jury has not yet been impaneled, then move for a continuance on the basis that the court's action has unalterably prejudiced the defense in this case.

    . . . .

[Court] Motion for mistrial is denied. Motion for continuance is denied. Motion that the court rule on the motion for sanctions is denied. Any other motions?

[Defendant] I had moved that the court make a finding of fact as to the time when the defendant could reasonably have anticipated litigation.

[Court] The court is disinclined to do that at this time.

During the trial the plaintiffs used the information contained in the documents to cross-examine witnesses concerning conflicts between their testimony and information contained in the documents, in some instances severely impairing their credibility. After the jury returned with a verdict, the trial judge ruled on the motion for sanctions. The trial judge stated:

[A]fter having seen what had gone on in the file, and the conflicts, [I] thought in the interest of justice that it would be appropriate for the documents . . . to be delivered to the plaintiffs. I was convinced then that it was in the interest of justice to do so. I am more convinced after having heard all of the evidence in the case that it was appropriate to do so, whether it was done so on a ruling for sanctions or on a ruling for——and that is, sanctions under

a proper order, or whether it was done in denial of the motion to quash of all the documents except those that were delivered. And that's what the court has done. In order to——whether it was right or whether it was wrong, I'll let somebody else decide that.

The motion for sanctions, first off, requiring a valid order before you can proceed with sanctions, gives me some concerns. Also, given the history of the total discovery in this, I'm not sure that if sanctions were due, that sufficient sanctions have already——that the reasons for the sanctions would be, of course, to secure the documents, the appropriate documents, and the documents have been furnished. So, for the record the motion for sanctions is denied.

---

The dispositive issue is whether the trial judge erred in releasing the documents to the plaintiffs without addressing the defendant's Rule 26(b) claims.

A party is entitled to the discovery of documents "otherwise discoverable under subsection (b)(1)" if "prepared in anticipation of litigation or for trial . . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." N.C.G.S. § 1A-1, Rule 26(b)(3) (1990). The court may not, however, "permit disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation in which the material is sought or work product of the attorney or attorneys of record in the particular action." *Id.*; *see Willis v. Power Co.*, 291 N.C. 19, 35, 229 S.E.2d 191, 201 (1976). The court is also precluded from requiring disclosure of any privileged communication between the attorney and the client. N.C.G.S. § 1A-1, Rule 26(b)(1) (1990); *see Brown v. Green*, 3 N.C. App. 506, 512, 165 S.E.2d 534, 538 (1969). A party may not avoid the requirements of Rule 26(b) by issuance of a subpoena for the production of documents. The trial court shall quash, upon motion of the objecting party, any subpoena for the production of documents that seeks discovery of materials protected by Rule 26(b). N.C.G.S. § 1A-1, Rule 45(c) (1990) (subpoena cannot require production of "privileged communication"); *see Vaughan v. Broadfoot*, 267 N.C. 691, 697, 149 S.E.2d 37, 41 (1966) (upon motion to quash the trial court is to determine "the right of the witness to withhold production" upon any ground).

**HALL v. CUMBERLAND COUNTY HOSPITAL SYSTEM**

[121 N.C. App. 425 (1996)]

In this case the plaintiffs sought discovery of certain documents in the possession of the defendant. The defendant claimed they were privileged and refused to disclose the documents. Subsequent to the plaintiffs' motion to compel discovery, Judge Stanback ordered the defendant to "identify and list the documents" in a manner that would permit the trial court to "rule upon a claim of privilege." The plaintiffs thereafter moved for sanctions, alleging that the defendant had failed to comply with Judge Stanback's order, and issued a subpoena for the documents. The trial judge, after conducting an *in camera* hearing, released the documents to the plaintiffs.

The defendant contends that release of the documents was not supported by a valid order. We agree. It was the defendant's contention from the very beginning of the discovery process that the materials at issue were not discoverable because they were prepared in anticipation of litigation, covered by attorney-client privilege and represented work product. The defendant raised these issues not only before Judge Stanback but also before the trial judge. Indeed the trial judge acknowledged that the defendant had asserted "statutory claims of a privilege" in the documents. The defendant was therefore entitled to a determination by the trial court as to (1) whether the documents were prepared in anticipation of litigation, (2) if so, whether the plaintiffs were in "substantial need" of the materials and that they were unable without "undue hardship" to obtain the substantial equivalent by other means, (3) whether the documents included "mental impressions, conclusions, opinions, or legal theories" of the defendant's attorney or other representative of the defendant concerning the litigation at issue, (4) whether the documents represent the "work product" of the defendant's attorney, and (5) whether the documents represent communications between the defendant and its attorneys.[1] The trial judge erred in not making these determinations and in refusing to enter any findings of fact when requested to do so by the defendant. *See* N.C.G.S. § 1A-1, Rule 52(a)(2) (1990) (findings required on motions "when requested by a party"). After the trial was completed, the trial judge did indicate that he released the documents in his possession to the plaintiffs because

---

1. If the trial court had determined that the defendant did not have a valid Rule 26 claim, the proper procedure would have been to direct the defendant to release the documents to the plaintiffs pursuant to Judge Stanback's order. If the defendant had failed to comply, the trial court could have held the defendant in contempt of court or entered other orders consistent with Rule 37. This order would have been immediately appealable. *Walker v. Liberty Mut. Ins. Co.*, 84 N.C. App. 552, 554-55, 353 S.E.2d 425, 426 (1987).

he "was convinced . . . that it was in the interest of justice to do so." Whether the release of the documents was in the interest of justice is not relevant in the face of the defendant's Rule 26(b) claims.[2]

Because the issue of the validity of the defendant's Rule 26(b) claims has not been addressed by the trial court, because we cannot adjudicate this issue for the first time on appeal, *see Willoughby v. Wilkins*, 65 N.C. App. 626, 636, 310 S.E.2d 90, 97 (1983), *disc. rev. denied*, 310 N.C. 631, 315 S.E.2d 697-98 (1984), and because the plaintiffs' use of the documents at trial probably influenced the verdict of the jury, *see Warren v. City of Asheville*, 74 N.C. App. 402, 409, 328 S.E.2d 859, 864, *disc. rev. denied*, 314 N.C. 336, 333 S.E.2d 496 (1985), remand to the trial court is necessary. *See State v. Booker*, 306 N.C. 302, 313, 293 S.E.2d 78, 84 (1982) (where there is prejudicial error, appellate court may remand "to the trial court for appropriate proceedings to determine the issue or matter without ordering a new trial"). On remand, the trial court must review the documents at issue and determine, consistent with this opinion, the validity of the defendant's Rule 26(b) claims. If it is determined that the Rule 26 claims are valid, a new trial will be required. If it is determined that the Rule 26 claims are not valid, the jury verdict previously entered in this case will be affirmed. Either party will be entitled to appeal the Rule 26 determination.

We have reviewed the defendant's remaining assignments of error and determine they do not justify a new trial.

Remanded.

Judge McGEE concurs.

Judge WYNN dissents.

---

2. This case is distinguishable from *Crist v. Moffatt*, 326 N.C. 326, 337, 389 S.E.2d 41, 48 (1990), where the Supreme Court affirmed an order forcing the defendant's attorney to reveal to the plaintiff the substance of all private conversations between defense counsel and the plaintiff's nonparty treating physicians. The defendant complained that this was work product under Rule 26(b)(3) and thus not discoverable. The Supreme Court in rejecting the defendant's argument held that the trial court acted within its "broad, inherent, discretionary power . . . so as to prevent injustice." *Id.* In the *Moffatt* case, however, the information ordered disclosed had been unlawfully obtained by the defendant. In this case, there is no suggestion that the defendant unlawfully obtained the documents it seeks not to disclose.

## HALL v. CUMBERLAND COUNTY HOSPITAL SYSTEM

[121 N.C. App. 425 (1996)]

Judge WYNN dissenting.

I do not view this case as a question of whether particular documents should be discoverable because of privilege. Rather, this case presents an issue of whether the trial judge abused his discretion in allowing the discovery of materials in the interest of justice. Because I find no abuse by the trial judge, I respectfully dissent from the majority's determination.

In *Crist v. Moffatt*, 326 N.C. 326, 389 S.E.2d 41 (1990), our Supreme Court addressed the propriety of a trial judge's disclosure of "privileged" material by stating:

Assuming, without deciding, that plaintiff impliedly waived her physician-patient privilege by her pretrial conduct, we overrule this assignment of error and uphold the finding and order entered by the trial court on grounds distinct from that of physician-patient privilege. *We hold that the trial court did not abuse its broad discretionary power to ensure justice in entering the order. Miller v. Greenwood*, 218 N.C. 146, 150, 10 S.E.2d 708, 711 (1940) (within trial court's discretion to take any action within the law "to see to it that each side has a fair and impartial trial"); *see also State v. Britt*, 285 N.C. 256, 271-72, 204 S.E.2d 817, 828 (1974) ("paramount duty" of trial court to control course of trial so as to prevent injustice to any party; trial court possesses broad discretionary powers in exercise of this duty).

*Id.* at 331-32, 389 S.E.2d at 44-45 (emphasis supplied). To emphasize that its ruling was based on the exercise of the trial court's discretion, the Supreme Court concluded by stating: "We affirm the order on this basis and on the basis of public policy grounds discussed below." *Id.* Still, the Court later reiterated the basis by stating:

[The order] was within the broad, inherent, discretionary power of the trial court to control the course of a trial so as to prevent injustice to a party.

*Id.* Even later, the Court concluded by stating:

We have held that the trial court acted within its broad discretionary powers in ordering disclosure by defense counsel.

*Id.* at 337, 389 S.E.2d at 48. Thus, the Court made it clear that even if there is a privilege to be asserted, the trial court in its discretion may nonetheless allow disclosure in the interests of justice. This is true,

contrary to the majority's footnote number two, regardless of how the party obtained the material.

In the subject case, the trial judge reasoned that it allowed the material to be discovered because he "thought in the interests of justice that it would be appropriate for the documents . . ., [to] be delivered to the plaintiffs. I was convinced then that it was in the interest of justice to do so. I am more convinced after having heard all of the evidence in the case that it was appropriate to do so . . . ."

In my view, this case is only about whether Judge Bowen abused his discretion. The record indicates that he did not. There is evidence in the record to support his determination that the documents were released in the interest of justice. As in *Moffatt*, I would conclude that the disclosure in this case was allowed within the broad, inherent, discretionary power of the trial court to control the course of a trial so as to prevent injustice to a party.