IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-662

No. COA21-133

Filed 7 December 2021

Wake County, No. 18-CVS-5916,

MARY COOPER FALLS WING, Plaintiff,

v.

GOLDMAN SACHS TRUST COMPANY, N.A., *et al.*, Defendants.


Wake County, No. 17-CVS-3947,

RALPH L. FALLS III, *et al.*, Plaintiffs,

v.

LOUISE FALLS CONE, *et al.*, Defendants.


Wake County, No. 17-CVS-3283,

RALPH L. FALLS III, *et al.*, Plaintiffs,

v.

JOHN T. BODE, Defendant.

Wake County, No. 15-E-1997

IN RE: ESTATE OF RALPH L. FALLS, JR., Deceased

Wake County, No. 18-CVS-5830

RALPH L. FALLS, III, *et al.*, Plaintiff,

v.

GOLDMAN SACHS TRUST COMPANY, N.A., *et al.*, Defendants.

Appeal by plaintiff Mary Cooper Falls Wing from order entered 26 October 2020 by Judge Edwin G. Wilson, Jr. in Wake County Superior Court. Heard in the Court of Appeals 3 November 2021.

> *Womble Bond Dickinson (US) LLP, by Johnny M. Loper, Elizabeth K. Arias and Jesse A. Schaefer, for plaintiff-appellant Mary Cooper Falls Wing.*
>
> *Mullins Duncan Harrell & Russell PLLC, by Alan W. Duncan, Allison Mullins, and Hillary M. Kies, for defendant-appellee Dianne C. Sellers.*
>
> *Ellis & Winters LLP, by Leslie C. Packer, Alex J. Hagan, and Michelle A. Liguori, for defendant-appellees, Louise Falls Cone, Toby Cone, Gillian Falls Cone, and Katherine Lenox Cone.*

TYSON, Judge.

¶ 1 Mary Cooper Falls Wing ("Plaintiff") appeals from a superior court order compelling her to produce all documents for review by Dianne Sellers and Louise Cone (together "Defendants"). We vacate and remand.

## I. Background

¶ 2 In the underlying litigation, Plaintiff seeks to invalidate certain testamentary instruments concerning her late father Ralph L. Falls, Jr. ("Decedent"). Plaintiff

alleges Decedent lacked legal and testamentary capacity and was suffering from undue influence in the years before his death. The challenged instruments purport to disinherit Plaintiff and her brother in favor of Defendants.

¶ 3        On 20 May 2019, the trial court entered an order requiring the Trustee (Goldman Sachs) to continue making distributions from the trust to Defendants for them to pay for their legal fees during the pendency of the litigation. This Court unanimously reversed that order on 20 October 2020. *Wing v. Goldman Sachs Trust Co.*, 274 N.C. App. 144, 156, 851 S.E.2d 398, 400 (2020). Goldman Sachs filed petitions for discretionary review to the Supreme Court of North Carolina. Those petitions remain pending. This Court's opinion and order has not been stayed.

¶ 4        Plaintiff and her husband, Mike Wing, divorced during the pendency of the events above. In November 2019, Defendants served Plaintiff with discovery requests. Plaintiff believed some of the information and documents Defendants requested remained in her former home in the possession of her ex-husband.

¶ 5        After unsuccessful attempts to recover her personal papers through counsel, Plaintiff sought a North Carolina subpoena to recover documents she believed to be necessary to respond to the discovery and for prosecution of the underlying cases. The North Carolina subpoena was submitted to a court in Maine. The court in Maine issued a subpoena pursuant to the Uniform Interstate Depositions and Discovery Act.

ME. R. CIV. P. 14 § 403 (2019). The Maine Court's subpoena, with a copy of the North Carolina subpoena attached, was served upon Mike Wing, with notice to all parties.

¶ 6 Plaintiff's counsel received multiple productions of Plaintiff's personal papers from Mike Wing in May and June 2020 via electronic thumb drive. The papers produced and recovered included many documents not responsive to the subpoena nor any discovery requests in the case.

¶ 7 Plaintiff's sworn affidavit states:

> The vast majority of the documents have nothing to do with this case. Almost the entire production consists of documents like recipes, personal notes between me and my then-husband, insurance policies, homework assignments, lesson plans, resumes, personal and draft correspondence unrelated to this litigation, tax returns, retirement planning documents, expense trackers, usernames/ passwords, garbage collection schedules, images saved from websites, and similar documents that I have accumulated in my day-to-day life.

¶ 8 Also included with these documents were dozens of written communications between Plaintiff and her counsel in the underlying litigation, asserted work product materials prepared by counsel as part of the litigation, and documents that are responsive to Defendants' discovery requests.

¶ 9 On 15 June 2020, two business days after receiving the final production of documents from Mike Wing, Plaintiff's counsel informed counsel for all parties that Plaintiff had received a complete response to the subpoena. Plaintiff objected to

Defendants' informal request for her to produce all of the personal papers she had recovered and received from Mike Wing, noting the request sought irrelevant and privileged material, and such materials and documents were not reasonably calculated to lead to the discovery of admissible evidence.

¶ 10        Subject to this objection, Plaintiff supplemented her prior discovery responses by producing all non-privileged personal papers on 26 June 2020 assertedly responsive to Defendants' prior discovery requests. Plaintiff also provided a log of the personal papers withheld on the basis of privilege. She noted that the personal and privileged papers received from Mike Wing pursuant to the subpoena that were neither relevant to the case nor responsive to any discovery request had not been produced.

¶ 11        Defendants filed a "Joint Motion to Compel Mary Cooper Falls Wing to Produce Documents Received Pursuant to Subpoena." The motion was heard in August 2020. Defendants argued because Plaintiff had served a subpoena, she had prospectively waived all objections to every document Mike Wing had produced in response to the subpoena.

¶ 12        On 26 October 2020, the trial court entered an order ("Production Order") compelling Plaintiff to produce all of the documents to the Defendants she had received pursuant to the subpoena, including documents claimed to be attorney-client

privileged and protected by the work product doctrine. Plaintiff filed a notice of appeal of the Production Order on 30 October 2020.

## II. Jurisdiction

This Court has jurisdiction pursuant to N.C. Gen. Stat. §§ 1-277(a) (2019).

## III. Interlocutory Appeal

A party may appeal from any interlocutory order that affects a substantial right. N.C. Gen. Stat §§ 1-277(a); 7A-27(b)(3)(a) (2019). "A substantial right is a right which will be lost or irremediably adversely affected if the order is not reviewable before the final judgment." *Jenkins v. Maintenance, Inc.*, 76 N.C. App. 110, 112, 332 S.E.2d 90, 92 (1985) (citation omitted).

Plaintiff argues the Production Order affects her substantial rights and this Court has jurisdiction to hear this appeal. "[W]here a party asserts a statutory privilege which directly relates to the matter to be disclosed under an interlocutory discovery order, and the assertion of such privilege is not otherwise frivolous or insubstantial, the challenged order affects a substantial right." *Evans v. United Servs. Auto. Ass'n,* 142 N.C. App. 18, 24, 541 S.E.2d 782, 786 (2001) (citation and internal quotation marks omitted). When a party "asserts the common law attorney-client privilege," on appeal, this claim "affects a substantial right which would be lost if not reviewed before the entry of final judgment." *Id.*

Plaintiff argues her right to maintain privileged and confidential

communications with her attorney will be infringed if she is forced to produce the documents. We agree this is a substantial right and allow this interlocutory appeal.

## IV.    Issue

The issue is whether Rule 45 of the Rules of Civil Procedure permits an adverse party to request production of documents a party received by subpoena even if those documents would have been protected by attorney-client privilege, work product, or are non-responsive to discovery requests when the requesting party appropriately objected. N.C. Gen. Stat. § 1A-1, Rule 45 and Rule 26 (2019).

## V.    Standard of Review

"Discovery orders compelling production and applying the attorney-client privilege and work-product immunity are subject to an abuse of discretion analysis." *Crosmun v. Trs. of Fayetteville Tech. Cmty. Coll.*, 266 N.C. App. 424, 435, 832 S.E.2d 223, 233 (2019) (citation omitted).

"[T]he determination of privilege is a question of law. Questions of law are reviewed *de novo*." *State v. Matsoake*, 243 N.C. App. 651, 656, 777 S.E.2d 810, 813 (2015) (alterations, citations and internal quotation marks omitted).

## VI.    Argument

Defendants argue because Plaintiff subpoenaed documents from her ex-husband, Rule 45 of the Rules of Civil Procedure automatically entitles them to review all documents produced upon their request. Rule 45 provides in relevant part:

> A party or attorney responsible for the issuance and service of a subpoena shall, within five business days after the receipt of *material produced in compliance with the subpoena*, serve all other parties with notice of receipt of the material produced in compliance with the subpoena and, upon request, *shall provide all other parties a reasonable opportunity to copy and inspect such material at the expense of the inspecting party.*

N.C. Gen. Stat. § 1A-1, Rule 45(d1) (2019) (emphasis supplied).

"In resolving issues of statutory construction, we look first to the language of the statute itself." *Fid. Bank v. N. C. Dep't of Revenue*, 370 N.C. 10, 18, 803 S.E.2d 142, 148 (2017) (citation omitted). "When the language of a statute is clear and without ambiguity, it is the duty of this Court to give effect to the plain meaning of the statute, and judicial construction of legislative intent is not required." *Diaz v. Div. of Soc. Servs.*, 360 N.C. 384, 387, 628 S.E.2d 1, 3 (2006); *see Coastal Ready-Mix Concrete Co. v. Bd. of Comm'rs of Town of Nags Head*, 299 N.C. 620, 629, 265 S.E.2d 379, 385 (1980) ("The best indicia of that intent are the language of the statute or ordinance, the spirit of the act and what the act seeks to accomplish."). Our Supreme Court has repeatedly held: "Statutes dealing with the same subject matter must be construed in *pari materia* and harmonized, if possible, to give effect to each." *Bd. of Adjustment of Town of Swansboro v. Town of Swansboro*, 334 N.C. 421, 427, 432 S.E.2d 310, 313 (1993).

Rule 26 of the North Carolina Rules of Civil Procedure has been in effect for

more than 50 years, and Rule 45 was modified within the last decade. "A presumption exists that the legislature was fully cognizant of prior and existing law within the subject matter of its enactment." *Biddix v. Henredon Furniture Indus., Inc.,* 76 N.C. App. 30, 34, 331 S.E.2d 717, 720 (1985) (citation omitted).

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must (i) expressly make the claim and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed, and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

N.C. Gen. Stat. § 1A-1, Rule 26(b)(5)(a) (2019).

It follows if the General Assembly intended to protect the subpoenaed party from being forced to produce privileged or non-responsive documents, those same protections would extend to a party who has received privileged or non-responsive documents as a result of the subpoena, at no fault of their own.

> Rule 45 is amended to conform the provisions for subpoenas to changes in other discovery rules, *largely related to discovery of electronically stored information.* In addition, in a number of places, words identifying parts of the rule have been changed *to make this rule consistent with the language of other Rules of Civil Procedure, without an intention to change substance.*

N.C. Gen. Stat. § 1A-1, Rule 45, cmt. (2011 Amendment) (emphasis supplied).

This Court has dealt with the interplay of Rule 45 and Rule 26 many times

before. "[T]he trial court, in granting a motion to compel under Rule 45(c)(6), is required to protect the party producing documents from 'significant expense.'" *Kelley v. Agnoli*, 205 N.C. App. 84, 96, 695 S.E.2d 137, 145 (2010). *Kelley* requires the trial court to bear the burden of ensuring Rule 26(b)(1a) is complied with, even if Rule 45 does not explicitly require it. *See* N.C. Gen. Stat. § 1A-1, Rule 26(b)(1a) ("the discovery methods set forth in section (a) *shall be limited by the court if it determines that*: (i) the discovery sought is unreasonably cumulative or duplicative . . . less burdensome, or less *expensive* . . . (iii) the discovery is unduly burdensome or expensive[.]") (emphasis supplied). The trial court's authority to read Rule 45 and Rule 26 together is further highlighted in *Hall v. Cumberland County Hospital System, Inc.*, 121 N.C. App. 425, 430, 466 S.E.2d 317, 320 (1996) ("The trial court shall quash, upon motion of the objecting party, any subpoena for the production of documents that seeks discovery of materials protected by Rule 26(b)"). With regard to electronically stored information, our courts have consistently held Rule 45 is expressly subject "the limitations of Rule 26(b)(1a)." N.C. Gen. Stat. § 1A-1, Rule 45(d)(4).

¶ 25    Defendants argue Plaintiff failed to object prior to required compliance and Plaintiff can no longer challenge the subpoena. Defendant mis-states the standard set forth in *Kilgo v. Wal-Mart Stores, Inc*, 138 N.C. App. 644, 649, 531 S.E.2d 883, 888 (2000), which held a subpoena *duces tecum* "must be raised before the time of compliance."

¶ 26        Here, Plaintiff sought to comply with the original and intended discovery requests and collected those documents from her ex-husband via subpoena after her documents and papers were not voluntarily produced.  Mike Wing produced substantially more material and documents than the responsive documents had requested.  Plaintiff's counsel informed opposing counsel of the complete response to the subpoena within two days of completion as is required by Rule 45.  Plaintiff expressly objected to Defendants' request for both non-reasonable, irrelevant, and privileged documents and asserted privilege.

¶ 27        Plaintiff complied with the statutes by producing all non-privileged personal papers responsive to Defendants' prior discovery requests.  Plaintiff provided a log of the personal papers she had withheld from production on the basis of privilege, and asserted the personal papers received from Mike Wing pursuant to the subpoena were neither relevant to the case nor responsive to any discovery request.  Plaintiff undertook and complied with the statutorily required steps to protect her privileged and non-responsive and irrelevant documents from disclosure.

## VII.    N.C. Gen. Stat. § 1A-1, Rule 45(d1)

¶ 28        Both parties argue the General Assembly intended their desired result.  Defendants argue Rule 45 allows them unbridled access to subpoenaed documents upon their request.  Plaintiff contends the addition of subsection (d1) to Rule 45 "expressly reaffirmed the federal process."  Federal Rule 45 has no counterpart to

subsection (d1) specifying the party issuing the subpoena must provide notice of receipt of subpoenaed materials and a reasonable opportunity to copy and inspect such materials. *See* Fed. R. Civ. P. 45.

¶ 29 A review of the Rule 45 history provides further guidance. Under the Federal Rules, upon which the North Carolina Rules were modeled, there is no provision for automatic discovery of all subpoenaed materials. A party is required to produce documents it has received pursuant to subpoena only if it receives a discovery demand for those documents from the other party. *See* Fed. R. Civ. P. 45 Advisory Comm. Note (1991) (recognizing notice of a subpoena is required in order to "afford other parties an opportunity to object to the production or inspection, or to *serve a demand* for additional documents or things" and to allow the other parties to "*pursue* access to any information that may or should be produced [pursuant to the subpoena]") (emphasis supplied).

¶ 30 Before 2003, Rule 45 "did not permit the issuance of a subpoena separately from a trial, hearing, or deposition." N.C. State Bar Ethics Op. 4 (2008). Prior to 2003, all parties would be present when the third party produced the requested materials at the trial, hearing, or deposition and would have equal access to review and obtain copies of those materials. This equal access was jeopardized when the 2003 amendments permitted a stand-alone subpoena *duces tecum* for the first time. *See* N.C. Gen. Stat. § 1A-1, Rule 45(a)(2). In 2007, subsection (d1) was added to Rule

45 as a remedy. It required the party issuing the subpoena to provide notice of receipt of subpoenaed materials and allow all other parties the opportunity to copy and inspect those materials.

¶ 31 In 2007, the General Assembly adopted the current text of Rule 45(d1), which requires: (1) the party serving the subpoena to provide notice of receipt; and, (2) any other parties desiring the documents to make a request to the receiving party. N.C. Gen. Stat. § 1A-1, Rule 45(d1). In codifying the notice-and-request procedure, the General Assembly expressly reaffirmed the federal process and left the questions about the propriety of interparty requests for documents to be governed by the existing discovery rules.

¶ 32 It is clear that the purpose of amending Rule 45(d1) in 2007 was to ensure the opposing party is given notice and the opportunity to request to see documents that comply with the subpoena and are responsive to discovery requests. *See N.C. State Bar v. Barrett*, 219 N.C. App. 481, 487, 724 S.E.2d 126, 130 (2012) (holding "a party [does not] waive[] her due process rights by failing to request documents which the opposing party has implied do not exist and will not be part of the case against her").

¶ 33 Defendants' interpretation would make a Rule 45(d1) demand inconsistent with the otherwise harmonious rules governing discovery. If the trial court's hyper-technical reading of Rule 45(d1) is upheld, a Rule 45(d1) request would become the only discovery device not subject to assertions of privilege and limitations. A party

would never be able to use a subpoena to recover her own confidential and privileged documents, and a subpoena recipient would be free to harass the requesting party by producing sensitive, embarrassing, irrelevant and privileged documents that are not responsive to the discovery request.

Our General Assembly could not have reasonably intended that result by amending Rule 45, while also maintaining the longer standing limitations contained in Rule 26 and other statutory and common law privileges. *See* N.C. Gen. Stat. § 1A-1, Rule 45, cmt. (2011 Amendment). Rule 45 is meant to be limited by adequate compliance with Rule 26. Plaintiff fully complied with Rule 26(5)(a) and thus garners the protections inherent in Rule 26.

## VIII. Content of Subpoena

Defendants argue they would have been entitled to all of the subpoenaed information upon deposition of Mr. Wing.

> Parties may obtain discovery regarding any matter, *not privileged*, which is *relevant to the subject matter involved in the pending action*, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party.

N.C. Gen. Stat. § 1A-1, Rule 26(b)(1) (2019) (emphasis supplied). This assertion is not supported by our statutes. *See* N.C. Gen. Stat. § 1A-1, Rule 30 (giving the court authority to limit a deposition to the confines of Rule 26(c) from "unreasonable annoyance, embarrassment, oppression, or undue burden or expense" based upon

"certain matters not to be inquired into, or that the scope of the discovery be limited to certain matter"). Communications between Plaintiff and her attorney are privileged. The recipes, schedules, documents pertaining to home renovations are not relevant to the subject matter involved in the pending action, involving Decedent's capacity and the rightful beneficiaries of his estate. *See id.*

## IX. Conclusion

This interlocutory appeal affects Plaintiff's substantial right. Plaintiff's substantial right to preserve privileged communication with her counsel and litigation work product is infringed upon by the trial court's production order. Defendants' contention that Rule 45 circumvents the long-established principles of attorney-client privilege and Rule 26 is without merit.

The conflict between Rule 45 and Rule 26 is a question of law reviewed *de novo*. Upon *de novo* review, we hold our General Assembly intended Rule 26 to limit Defendant's access to Plaintiff's subpoenaed privileged documents. We vacate the production order and remand for an order, to require Plaintiff to provide only non-privileged and relevant documents for Defendant's review, which are responsive to Defendant's discovery request. *It is so ordered.*

VACATED AND REMANDED.

Judges ZACHARY and ARROWOOD concur.