SOUTHERN UNIFORM RENTALS, INC., PLAINTIFF v. IOWA NATIONAL MUTUAL INSURANCE COMPANY, AND HOOKER & BUCHANAN, INC., DEFENDANTS

No. 874SC1179

(Filed 19 July 1988)

Appeal and Error § 6.6— appeal from denial of motion to dismiss—appeal interlocutory—no substantial right affected

An order denying defendant insurer's motion to dismiss was interlocutory and an appeal therefrom would not lie where the adjudication of plaintiff's action would not affect any of defendant's substantial rights, including rights and responsibilities under rehabilitation and liquidation orders to preserve defendant's assets.

APPEAL by defendant Iowa National Mutual Insurance Company from *Brown, Frank R., Judge*. Order entered 8 September

1987 in ONSLOW County Superior Court. Heard in the Court of Appeals 31 May 1988.

This appeal grows out of an action filed 8 August 1985 in which plaintiff alleged that: (1) Defendants Iowa National Mutual Insurance Company (Iowa National) and Hooker & Buchanan, Inc. had failed to provide sufficient insurance coverage under an insurance policy issued to plaintiff by defendants when plaintiff's business building and goods contained therein had burned and (2) that defendant Iowa National owed plaintiff $10,880.00 for additional interruption of business coverage under the effective policy.

Shortly after plaintiff had filed the above action and before defendant filed its Answer, the Insurance Commissioner of Iowa petitioned the District Court in Polk County, Iowa for an Order of Rehabilitation which Order was granted 19 September 1985. The Rehabilitation Order was later superseded by an Order declaring liquidation and insolvency dated 10 October 1985.

Similarly, for purposes of assisting in defendant's rehabilitation in North Carolina, the North Carolina Insurance Commissioner petitioned the Wake County Superior Court for a "Restraining Order and Appointment of Ancillary Receiver" which Order was granted 18 October 1985 followed by a "Preliminary Injunction and Continuation of Ancillary Receivership" entered 29 October 1985.

On 16 December 1985, defendant Iowa National filed its Answer to the 8 August Complaint in which it denied liability claiming *inter alia* that an exclusionary clause contained in the policy precluded recovery for the destroyed goods. The Answer made no reference to the pending Rehabilitation proceedings.

On 21 August 1987, defendant Iowa National moved to dismiss the action pursuant to N.C. Gen. Stat. § 1A-1, Rules 12 and 41 of the N.C. Rules of Civil Procedure contending that the Orders of Rehabilitation of the Polk County District Court and Wake County Superior Court dated 19 September 1985, 10 October 1985 and 29 October 1985, respectively, barred plaintiff's action. After the hearing on the motion, the trial court denied defendant's Motion to Dismiss. From the trial court's ruling, defendant Iowa National gave notice of appeal on 11 September 1987. On 4 January 1988, defendant also filed a petition for a Writ

of Certiorari. Defendant Hooker & Buchanan, Inc. did not take part in this appeal.

*Ellis, Hooper, Warlick, Waters & Morgan, by William J. Morgan and Amy R. Cummings, for plaintiff-appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, by Ann Strader Tise and P. Scott Hedrick, for defendant-appellant Iowa National Mutual Insurance Company.*

*No brief filed by Ward and Smith, P.A., by John A. J. Ward, for defendants Hooker & Buchanan, Inc.*

WELLS, Judge.

The sole question for review is whether the interlocutory order denying defendant's Motion to Dismiss is properly before us. We hold that it is not and dismiss defendant's appeal as of right and deny defendant's petition for Writ of Certiorari.

An appeal of an interlocutory order will not lie to an appellate court unless the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits. *A.E.P. Industries, Inc. v. McClure*, 308 N.C. 393, 302 S.E. 2d 754 (1983); N.C. Gen. Stat. §§ 1-277 and 7A-27 of the N.C. Rules of Civil Procedure. An order is interlocutory if made during the pendency of an action, and the order does not dispose of the case but leaves its final resolution for further action by the trial court. *Bailey v. Gooding*, 301 N.C. 205, 270 S.E. 2d 431 (1980). Moreover, the determination of whether a substantial right is involved in the appeal depends on whether that right is one which will be lost or irremediably and adversely affected if the order is not reviewed before final judgment. *Jenkins v. Maintenance, Inc.*, 76 N.C. App. 110, 332 S.E. 2d 90 (1985).

In the present case, the trial court's denial of defendant's Motion to Dismiss clearly represents an interlocutory order. The decision to allow plaintiff's case to go forward is not a final determination of or resolution to the controversy. Additionally, despite defendant's contentions to the contrary, the adjudication of plaintiff's action does not affect any of defendant's substantial rights. In fact, denials of motions to dismiss for failure to state a claim are not appealable because they neither represent a final judg-

ment nor do they affect a substantial right. *Wright v. Fiber Industries, Inc.*, 60 N.C. App. 486, 299 S.E. 2d 284 (1983). The refusal to dismiss an action generally does not or will not impair any of defendant's rights that could not be corrected on appeal after final judgment. *Auction Co. v. Myers*, 40 N.C. App. 570, 253 S.E. 2d 362 (1979).

Nevertheless, defendant vigorously argues that the legal expenses required in the defense to plaintiff's action will effect a waste of defendant's assets thereby affecting a substantial right. Defendant also claims that if the present case goes to trial and judgment is entered against defendant, such would amount to an interference with defendant's assets as it would create a lien against defendant's property in direct conflict with the rehabilitation and liquidation orders. We disagree.

Defendant cites the following language found in the orders which defendant claims is prohibitive:

### Order Terminating Rehabilitation and
### Ordering Liquidation and Declaring Insolvency
### Polk County District Court, Iowa

6. All persons, corporations or associations are enjoined and restrained from commencing, maintaining or further prosecuting any action at law or in equity or any other proceeding against the defendant, the Liquidator, or defendant's reinsurers, or any action which the defendant is obligated to defend; . . . .

Defendant also refers to the Order of the Wake County Superior Court entitled "Preliminary Injunction and Continuation of Ancillary Receivership" which likewise barred defendant's officers and attorneys from utilizing or wasting defendant's assets and from bringing any suit against the ancillary receiver.

However, each of the Orders refers also to the powers accorded the liquidator/rehabilitator which powers include the right to file actions on behalf of the insurer and incur expenses, including legal expenses, to protect and operate the insurer's business. *See* Iowa Code Ann. § 507C.21 (West 1985) and Part II, Subparagraph 4 of the Wake County "Restraining Order and Appointment of Ancillary Receiver" which provides in part:

That said ancillary receiver be and he is hereby authorized, . . . to incur such expenses for additional employees, . . . and fees for attorneys, including the Attorney General and legal counsel outside the State of North Carolina, as may be necessary in the proper administration of his duties and to incur such other fees and expenses as he may deem advisable or necessary in order to properly conduct, carry on, and perform his duties; . . . .

The orders of rehabilitation and liquidation themselves therefore contemplate the use of assets to defray the costs of liquidating and conducting the business of preserving the defendant's assets, including the costs of defending a legal action. Even if the full adjudication of the action creates additional legal expenses for the defendant, such would not constitute the serious or irremediable impairment of defendant's right to maintain its assets requiring immediate appellate review. If defendant is dissatisfied with the final judgment of the case, defendant may at that time appeal the issues it seeks to raise here.

Accordingly, the trial court's denial of defendant's Motion to Dismiss is

Affirmed.

Judges BECTON and PHILLIPS concur.