***********
The Full Commission has reviewed the prior orders based upon the record of the proceedings before Deputy Commissioner George T. Glenn II and the documentary evidence before Chair Young, as well as the briefs of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or vacate the orders. The Full Commission AFFIRMS the orders of Chair Young.
 ***********
On May 18, 2009, Deputy Commissioner Glenn entered a protective order in this matter. After conducting a motions hearing, Deputy Commissioner Glenn filed an order concerning discovery on June 9, 2009. Defendant filed an appeal to the Full Commission. By order filed July 28, 2009, Chair Young denied defendant's request for immediate appeal of the interlocutory *Page 2 
order. Defendant appealed from Chair Young's order to a panel of the Full Commission. Likewise, defendant appealed from a second discovery order filed by Deputy Commissioner Glenn on September 9, 2009. Again, Chair Young denied defendant's request for immediate appeal of the interlocutory order and defendant subsequently appealed from the Chair's October 22, 2009 order. The two appeals have been consolidated for purposes of arguments and decision by the Full Commission.
Initially, plaintiff moved to dismiss defendant's appeal of the June 9, 2009 order of Deputy Commissioner Glenn as not timely filed. The order was received by the parties on June 9, 2009, and defendant appealed to the Full Commission via email on June 22, 2009, which also was sent via regular mail service and received by the Commission on June 25, 2009. Defendant's appeal was due 15 days from receipt of the order of the Deputy Commissioner, or on June 24, 2009. Rule T301, Tort Rules of the North Carolina Industrial Commission. Under these circumstances, the Full Commission holds that defendant's appeal was timely filed and denies plaintiff's motion to dismiss.
 ***********
This is an action for medical negligence and institutional negligence arising from injuries sustained by plaintiff at Broughton Hospital in August 2007. In October 2008 plaintiff filed this action against the defendant state agency and subsequently served on defendant several sets of interrogatories and requests for production of documents. On May 18, 2009, Deputy Commissioner Glenn entered a protective order concerning the confidentiality of documents produced in discovery. After defendant refused to provide certain documents in response to the discovery requests, plaintiff filed a motion to compel. Following a motions hearing, Deputy Commissioner Glenn entered the discovery orders which are the subject of this appeal. *Page 3 
The law is well-settled that an appeal of right arises only from a final order or decision of the Industrial Commission. Cash v.Lincare Holdings, 181 N.C. App. 259, 639 S.E.2d 9 (2007). Any decision that does not determine all the issues in a case is interlocutory and is not entitled to immediate review unless the decision affects a substantial right. Id.; Southern UniformRentals v. Iowa Nat'l Mutual Ins. Co.,90 N.C. App. 738, 370 S.E.2d 76 (1988). "[T]he determination of whether a substantial right is involved in the appeal depends on whether that right is one which will be lost or irremediably and adversely affected if the order is not reviewed before final judgment." Southern Uniform Rentals v. Iowa Nat'l Mutual Ins. Co.,supra, at 740, 370 S.E.2d at 78.
In the present case, defendant asserts that in the discovery orders at issue, defendant is ordered to produce documents concerning peer review reports, root cause analysis reports, and third-party investigative reports that are statutorily protected or are federal documents that the State has not been authorized to release of does not have in its possession. Therefore, defendant asserts that the orders affect a substantial right and may be immediately appealed.
In order to determine whether certain documents are privileged, the Deputy Commissioner must consider the circumstances surrounding the actual preparation and use of the disputed documents involved in each particular case. See, Hayes v. Premier Living, Inc.,181 N.C. App. 747, 641 S.E.2d 316 (2007). The specific privilege applies to specific documents, not to general categories of documents as asserted in defendant's arguments. Defendant may not merely claim certain documents deal with peer review or root cause analysis without first producing specific documents for incamera review by the Deputy Commissioner. Defendant has not shown that the interlocutory discovery orders affect a substantial right. Accordingly, defendant has no right to immediate appeal to the Full Commission. *Page 4 
Therefore, in accordance with the May 18, 2009 protective order and the June 6, 2009 and September 9, 2009 discovery orders which have been entered in this case, defendant shall produce for incamera review by the Deputy Commissioner any specific documents which defendant deems to be confidential or protected. The Deputy Commissioner shall then make rulings on the confidentiality or protected nature of the particular documents.
Upon a showing to the Deputy Commissioner that specific documents which are relevant to this matter are not in defendant's possession but are in the possession of a federal agency, the parties shall undertake the appropriate procedures for release of such documents, in compliance with the discovery orders.
Accordingly, after careful review, the Full Commission finds that Chair Young's orders denying defendant's request for immediate appeal from Deputy Commissioner Glenn's interlocutory orders were proper and hereby AFFIRMS Chair Young's Orders. The June 9, 2009 and September 9, 2009 Orders of Deputy Commissioner Glenn remain in full force and effect and shall stand as written.
This the 5th day of February, 2010.
S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ DANNY LEE McDONALD COMMISSIONER *Page 5 
 S/___________________ DIANNE C. SELLERS COMMISSIONER