***********
Upon consideration of the record and the briefs and oral arguments of Counsel, the Full Commission reverses the Order of Deputy Commissioner Glenn and enters the following Order:
 ***********
Deputy Commissioner Glenn presided over a hearing on Defendant's Motion for Costs and Motion to Stay pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(d) arising from a voluntary dismissal and refilling of a Tort Claims case by Plaintiff. Plaintiff filed a Notice of Voluntary Dismissal pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) on August 17, 2010 at 1:57 p.m. in TA-20940 and thereafter filed a new action, TA 21932, on August 17, 2010 at 1:59 p.m. Thereafter, on August 17, 2010, Deputy Commissioner Glenn filed an Order in TA-20940 Dismissing Plaintiff's claim, without prejudice and ordering that the parties bear their respective costs. *Page 2 
Defendant filed a Motion for Costs and Motion to Stay pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(d), seeking costs incurred in the dismissed action. Plaintiff did not file her claim in formapauperis. Deputy Commissioner Glenn denied Defendant's Motions, finding that an award of costs against the Plaintiff would constitute an undue hardship to Plaintiff.
Pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(d), a Plaintiff who dismisses an action under N.C. Gen. Stat. § 1A-1, Rule 41(a), shall be taxed with the costs of the action unless the action was broughtin forma pauperis. This Rule further provides that the Court, upon motion of the Defendant shall make an Order for payment of the costs within 30 days and shall stay the proceedings until Plaintiff has complied with the Order.
Defendant incurred costs totaling $4,071.20, and a majority of the costs requested involved deposition expenses for depositions taken by the Plaintiff in the original claim. N.C. Gen. Stat. § 7A-305 sets forth the expenses that are "assessable or recoverable" in civil actions. Under N.C. Gen. Stat. § 7A-305(d)(10) the reasonable and necessary expenses related to the taking of depositions and the cost of deposition transcripts are "assessable or recoverable." The costs claimed by Defendant were reasonable and necessary costs associated with the dismissed claim.
The costs set forth under N.C. Gen. Stat. § 1A-1, Rule 41(d) are mandatory. If a category of costs is listed in section 7A-305(d), "the trial court is required to assess the item as costs."Springs v. City of Charlotte, ___ N.C.App. ___,704 S.E.2d 319, 328 (2011).
The Full Commission therefore ORDERS that Plaintiff pay to Defendant costs in the amount of $4,071.20, within 30 days. All proceedings in TA 21932, Plaintiff's re-filed claim, shall be STAYED until Plaintiff complies with this Order. *Page 3 
With respect to Defendant's right to appeal from the Order of Deputy Commissioner Glenn, the Full Commission finds that the Order was interlocutory; however, it affected a substantial right.
The law is well-settled that an appeal of right arises only from a final order or decision of the Industrial Commission. Cash v.Lincare Holdings, 181 N.C. App. 259, 639 S.E.2d 9 (2007). Any decision that does not determine all the issues in a case is interlocutory and is not entitled to immediate review unless the decision affects a substantial right. Id.; Southern UniformRentals v. Iowa Nat'l Mutual Ins. Co.,90 N.C. App. 738, 370 S.E.2d 76 (1988). "[T]he determination of whether a substantial right is involved in the appeal depends on whether that right is one which will be lost or irremediably and adversely affected if the order is not reviewed before final judgment." Southern Uniform Rentals v. Iowa Nat'l Mutual Ins. Co.,supra, at 740, 370 S.E.2d at 78. The mandatory language of N.C. Gen. Stat. § 1A-1, Rule 41(d), would have no effect if Defendant is not allowed to appeal from the denial of their Motion for costs herein.
It is therefore ORDERED that Defendant's appeal to the Full Commission is ALLOWED.
No costs are assessed.
This the ___ day of June 2011.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ *Page 4 
LINDA CHEATHAM COMMISSIONER
 S/___________________ DANNY LEE McDONALD COMMISSIONER *Page 1