An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-405

NORTH CAROLINA COURT OF APPEALS

Filed: 21 October 2014

KIMBERLY D. BOYKIN, EXECUTRIX OF
THE ESTATE OF ALFRED D. STEWART,
    Plaintiff,

v.

SELCO CONSTRUCTION, INC.
FRANKLIN WADE EASON,
    Defendants.

Johnston County
No. 13 CVS 531

Appeal by defendant from order entered 9 January 2014 by Judge Thomas H. Lock in Johnston County Superior Court. Heard in the Court of Appeals 24 September 2014.

> *The Armstrong Law Firm, P.A., by L. Lamar Armstrong, Jr., and Ashley & Ashley, by Emery D. Ashley, for plaintiff-appellee.*
>
> *Harris Sarratt & Hodges, LLP, by John L. Sarratt, for defendant-appellant Selco.*

STEELMAN, Judge.

Where the trial court granted partial summary judgment in favor of plaintiff on only one of the issues pertaining to one of the claims raised in plaintiff's complaint, defendant's appeal is interlocutory, and not properly before this Court.

I. Factual and Procedural Background

Alfred D. Stewart (Stewart), Franklin Wade Eason (Eason), and Ricky Lee Lundquist (Lundquist), formed Selco Construction, Inc. (Selco).  On 1 March 1995, Stewart, Eason, and Lundquist, owners of all of the capital stock of Selco, entered into an agreement with Selco (the Agreement) that the company would purchase the stock of a deceased shareholder from his estate. The Agreement recited that Selco was the owner of life insurance policies on each of the shareholders, and reserved the right to purchase additional insurance.  Further, the Agreement placed restrictions on the sale of the capital stock of Selco.

With respect to the redemption of stock by Selco upon the death of a shareholder, the Agreement provided that:

> Within thirty days after the end of each fiscal year of the Company, or as soon thereafter as possible, the parties shall re-determine the fair market value per share of their stock for the then current fiscal year and shall endorse such re-determined value with signatures. The agreed fair market value will be arrived at by taking the book value of the Company and then adjusting the book value with the actual appraised value of equipment and fixtures and by using the actual cost or market value of inventory, whichever is less. If the parties have failed to re-determine such

> value for a particular fiscal year, the Company accountant will arrive at said fair market value in accordance with the above-stated formula. In arriving at the fair market value, no amount will be included for good will.

In March of 2002, Lundquist left Selco, and the company redeemed his stock for the sum of $792,453.52, in a negotiated transaction. This left Stewart and Eason as the only shareholders of Selco.

Stewart died on 25 March 2012, owning one-half of the capital stock of Selco. Selco retained the services of Oliver Wall (Wall) to perform an appraisal of Selco's assets and a valuation of Stewart's stock (the Wall report). This report, dated 1 June 2012, valued Stewart's stock at $584,154.47.

On 31 July 2013, Kimberly D. Boykin, executrix of Stewart's estate (plaintiff), filed an amended complaint against Selco and Eason, alleging the following claims: (1) a declaratory judgment that funds received by Selco from the life insurance on Stewart and funds from the "Honaker settlement" be included in the valuation of Selco and Stewart's stock; (2) for breach of the Agreement by Selco; (3) for tortious interference with the Agreement by Eason; and (4) for punitive damages against Eason. On 1 October 2013, Selco and Eason (collectively, defendants)

filed an answer, counterclaim, and motion to dismiss. On 10 October 2013, plaintiff replied to defendants' counterclaim.

On 30 December 2013, plaintiff filed a second amended complaint, alleging the same underlying facts, but seeking only a declaratory judgment and breach of contract by Selco and Eason. On 24 January 2014, defendants filed answer and counterclaim to plaintiff's second amended complaint. On 4 February 2014, plaintiff replied to defendants' counterclaim.

On 18 April 2013, Selco filed a motion for judgment on the pleadings or, in the alternative, a motion for summary judgment. On 26 November 2013, plaintiff filed a motion for partial summary judgment with respect to the date of valuation of Stewart's stock.

On 3 January 2014, the trial court entered an order containing the following rulings: (1) granting plaintiff's motion for leave to file a second amended complaint; (2) denying as moot Eason's motion to dismiss the counts of plaintiff's complaint that were eliminated in the second amended complaint; and (3) denying Selco's motion for summary judgment. On 9 January 2014, the trial court entered an order on plaintiff's motion for partial summary judgment with respect to the issue of the date of valuation of Stewart's stock. This order declared

that the date of valuation under the Agreement was 25 March 2012, the date of Stewart's death. The trial court thus granted plaintiff's motion for partial summary judgment and denied defendant's motion for partial summary judgment. The trial court did not certify this order pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure.

From the 9 January 2014 order granting partial summary judgment in favor of plaintiff, Selco appeals.

## II. Interlocutory Appeal

An interlocutory order is "one made during the pendency of an action which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Cagle v. Teachy,* 111 N.C. App. 244, 247, 431 S.E.2d 801, 803 (1993). "There is generally no right to appeal an interlocutory order." *N.C. Dept. of Transp. v. Page,* 119 N.C. App. 730, 733, 460 S.E.2d 332, 334 (1995).

> "A grant of partial summary judgment, because it does not completely dispose of the case, is an interlocutory order from which there is ordinarily no right of appeal." *Liggett Group, Inc. v. Sunas,* 113 N.C. App. 19, 23, 437 S.E.2d 674, 677 (1993). "The reason for this rule is to prevent fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment

before it is presented to the appellate courts." *Fraser v. Di Santi,* 75 N.C. App. 654, 655, 331 S.E.2d 217, 218, *disc. review denied,* 315 N.C. 183, 337 S.E.2d 856 (1985).

"Nonetheless, in two instances a party is <u>permitted</u> to appeal interlocutory orders...." *Liggett Group Inc.,* 113 N.C. App. at 23, 437 S.E.2d at 677 (emphasis by underline added). First, a party is permitted to appeal from an interlocutory order when the trial court enters "a final judgment as to one or more but fewer than all of the claims or parties" and the trial court certifies in the judgment that there is no just reason to delay the appeal. N.C.R. Civ. P. 54(b); *Liggett Group Inc.,* 113 N.C. App. at 23, 437 S.E.2d at 677. Second, a party is permitted to appeal from an interlocutory order when "the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." *Southern Uniform Rentals, Inc. v. Iowa Nat'l Mut. Ins. Co.,* 90 N.C. App. 738, 740, 370 S.E.2d 76, 78 (1988); N.C. Gen. Stat. § 1-277. Under either of these two circumstances, it is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal and our Court's responsibility to review those grounds.

*Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994).

In the instant case, the trial court did not certify its order on partial summary judgment for immediate appeal. Selco nonetheless contends that the order affects a substantial right. Specifically, Selco argues that the valuation date of Stewart's

stock is the sole material fact in dispute, and "[t]he only matter as to which both parties seek declaratory relief from the court[.]" This is not correct.

Plaintiff's second amended complaint sought a declaratory judgment. However, the declaratory judgment sought by plaintiff included a declaration that: (1) Wall was not the "company accountant" authorized to value the stock; (2) Wall did not properly enforce the Agreement; (3) the Wall report was obtained by fraud and duress; (4) Selco waived any right to rely on the Wall report; (5) Selco's breach of the Agreement and its covenant of good faith and fair dealing prevent it from enforcing the Wall report; (6) *the proper date of valuation is the date of Stewart's death*; (7) Selco's insurance and settlement proceeds are Selco assets that must be included in the valuation of stock; (8) the value of the stock was at least $1,525,887; (9) the Stewart estate remains a shareholder in Selco; and (10) by its acts or omissions, Selco has impaired Stewart's interest in Selco. Of these ten issues raised in the declaratory judgment portion of the complaint, only one pertained to the date of valuation. Plaintiff's second amended complaint also alleged breach of contract by Selco and Eason for

failure to act in good faith, failure to pay the proper value of the stock, and manipulation of the valuation process.

Of the issues raised in plaintiff's complaint, the trial court's order on partial summary judgment resolved only the date of valuation. The order did not resolve whether plaintiff's or Selco's valuation method was correct, whether Selco's valuation constituted a breach of contract, whether the Wall report was authorized or obtained fraudulently, nor any other issue raised by plaintiff's complaint. Those issues are still pending before the trial court. Selco's bare assertion that this issue "goes to the very heart of the matter" is unpersuasive. Further, Selco's argument for the existence of a substantial right is based solely upon the materiality of this single issue. Selco has therefore failed to successfully argue for the existence of a substantial right which would be prejudiced absent review by this Court.

We hold that this appeal is not properly before us.

DISMISSED.

Judges CALABRIA and McCULLOUGH concur.

Report per Rule 30(e).